# IN THE UNITED STATES COURT OF APPEALS, AUSTIN, DIVISION

IN RE RICHARD BROWN
    RELATOR

VS.

WILLIAM STEPHENS
    RESPONDENT

§
§
§
§
§
§
§

CIVIL ACTION NO. 4:14-CV-839-O

81,689-02

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 14 2015
Abel Acosta Clerk

## WRIT OF MANDAMUS

COMES NOW RICHARD BROWN, IN THE ABOVE STYLED AND NUMBERED CASE NOW REFERRED TO AS RELATOR.

## I.
## STATEMENT OF JURISDICTION

RELATOR SEEKS MANDAMUS RELIEF FROM THE COURT OF CRIMINAL APPEALS, TO ORDER THE 3RD DISTRICT TRIAL COURT JUDGE TO CORRECT THE RELATORS DEFECTIVE CERTIFICATION OF THE RIGHT TO APPEAL DUE TO AN INVALID WAIVER OF THE RIGHT TO APPEAL MADE NOT KNOWINGLY ENTELIGENT OR VOLINTORY.

THE ACT SOUGHT IS MINISTERIAL UNDER TEX. RULE APP. PROC. 44.4, STATE EX REL WADE VS. MAYS, 689 S.W. 2d 893 (TEX. CR. APP. 1984).

THE COURT OF CRIMINAL APPEALS HAS JURISDICTION OVER THES CRIMINAL MATTER UNDER THE TEX. CONST, ART. II. SEE 5.

THE RELATOR HAS MET THE TWO PRONGS TEST ESTIBLISHED IN DICKENS VS. COURT OF APPEALS, 2ND SUP. JUD. DIST, 722 S.W. 2d 642 (TEX. CR. APP. 1987).

FIRST, THE RELATOR HAS NO ADEQUATE REMEDY AT LAW, THERE IS NO REMEDY BY PETITION FOR DISCRETIONARY REVIEW FROM AN ADVERSE RULING IN AN ORIGINAL MANDAMUS PROCEEDING. SEE JACOBS VS. STATE, 692 S.W. 2d 724 (TEX. CR. APP. 1985).

SECOND, THE COURT OF APPEALS CLEARLY ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER THE TRIAL COURT JUDGE OF THE 3RD DISTRICT COURT TO PERFORM ITS MINISTERIAL DUTY AND CORRECT THE DEFECTIVE CERTIFFCATION SHOWING THE RELATOR HAS A RIGHT TO APPEAL. THE COURT OF APPEALS, 2ND COURT OF APPEALS RULED CONTRARY TO STATORY LAW, TEX. RUL. APP. PROC. 44.4

THE RELATOR HAS SATISFIED THE REQUIREMENTS OUT LINED IN PADILLA VS. MC-DANIEL, 122 S.W. 3d 805 (TEX. CR. APP. 2003), BY SUBMITTING HIS APPLICATION FOR WRIT OF MANDUMAS RELIEF FIRST TO THE COURT OF APPEALS 2ND DISTRICT OF TEXAS.

WHEN A TRIAL COURT JUDGE DENIES AN APPELLANT THE RIGHT TO APPEAL FROM HIS CONVICTION UNDER, TEX. RUL. APP. PROC. 25.2(a)(2), THE PROPER REMEDY IS BY A WRIT OF MANDAMUS AND NOT BY A WRIT OF HABEAS CORPUS, ART. 11.07. SEE SMITH VS. STATE, 937 S.W. 575 (TEX. APP. DALLAS 1997) CITING GROGGI VS. CURRY, 571 S.W. 2d 940.

This document contains some pages that are of poor quality at the time of imaging.

# II.

## STATEMENT OF CASE

THE SECOND COUNT OF APPEALS, ABUSED IT'S DISCRATION BY DENYING RELATOR HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND EQUIL PROTECTION OF THE LAW. RELATER RESPECTFULY SHOWS UNTO THIS HONORABLE COURT THE FOLLOWING:

RELATOR WAS DENIED HIS RIGHT TO REDRESS, BECAUSE ON STATE AND FEDERAL LEVAL OF WRIT OF HABEAS CORPUS, RELATER PROVED WITH DOCUMENTED EVIDENCE ON STATE AND FEDERAL LEVEALS OF LITIGATION, RELATOR FILED CHAPTER 64 WHICH WAS STATED THAT THERE IS NO BIOLOGICAL EVIDENCE, SEE STATES REPLY TO DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL, B.P. 1&2, FILED JUN. 20, 14

RELATORS INDICTIMENT WAS MULITTPLWISH, RELATOR NEVER NEW WHAT CHARGE HE WOULD BE PROCUTED ON MAKING HIS PLEA UNKNOWING AND INVENLAITORY. SEE INDICTMENT EXHIBIT (3) ALSO SEE MOTION TO SQUASH INDICTMENT, FILED 2012 MAR, 19.

FUTHER THE STATE PRESENTES, "STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW," AS STATED IN FINDINGS OF FACT,

GENERAL FACTS

4) PURSUANT TO ARTICAL 64.02 OF THE TEXAS CODE OF CRIM, PROC, THE STATE DENIES THAT EVIDENCE EXISTS THAT MIGHT CONTAIN RELEVANT BIOLOGICAL MEHTERAL.

5) THE ONLY EVIDENCE THAT EXISTS IS DEFENDANT'S BUCCL SWAB WHICH CONTAINS BIOLOGICAL METERAL BUT IS IARELEVANT TO THIS OFFINCE.

6) THERE IS NO EVIDENCE CONTAINING REVALANT BIOLOGICAL MATERIAL TO TEST IN THIS CASE. RELATOR RECIVED AN ILLEGAS SENTEKE 11 YR. FOR A 3RD DEGREE FELOHY, WHICH IS AGENST THE SENTENCING GUIDELINES, THE 2ND COURT IS IN ERRER IN REGUARDS TO, PUNISHMENT IN THE FOLLOWING PENAL CODE $12.42.$ 21.11; $21.02;

RELATER WAS DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.

RELATOR WAS GIVEN AN ILLEGAL SENTENCE OF 11 YRS FOR A 3RD DEGREE FELONY WHICH IS BEYON THE SENTENCING GUIDELINES WHICH MAKES THIS A VIOD SENTINCE WHICH MAKES THIS CASE NOT SUBJECT TO (AEDPA) TIME LIMITATKE.

## III.

### ISSUES PRESENTED.

1) THERE IS NO EVIDENCE TO SUPPORT THIS CONVICTION.

2) RELATORS INDICTMENT IS MULTIPLICOUS/VAGUE, WITH (11) ELEVEN COUNTS WHICH WERE SUPPOSEDLY HAVE ACCURED ON THE SAME DAY, RELATOR NEVER KNEW WHICH CHARGE HE WOULD BE TRYED ON.

3) THE FEDERAL COURT IS IN ERROR WHEN IT STATED THAT RELATOR IS A REPEAT OFFENDER, WHICH IS NOT PLYABLE UNDER PENAL CODE § 21.02.

4) THE 2ND DISTRICT IS IN ERROR WHEN IT DENIED RELATOR EQUAL PROTECTION UNDER THE LAW, BY GOING "AGAINST" IT'S OWN ORDER DENYING RELATOR THE RIGHT TO A FAIR AND IMPACTIAL REVIEW.

5) RELATOR COUNSEL WAS INEFFECTIVE TO THE EFFECT THAT RELATOR WAS LED INTO AN UNKNOWING /INVOLINTORY PLEA AGREEMENT.

6) RELATOR IS ACCULICY INNOCENT.

# IV.

## ARGUMENTS AND AUTHORITYS

RELATOR RESPECTFULY SHOWS UNTO THIS HONORABLE COURT HE FOLLOWING:

### I.

IN GROUND ONE, RELATOR MAINTAINS THAT HE IS FACTUALY INNOCENCET, NOT MERE LEGAL INSUFFICIENCY, SAWYER VS. WHITLEY, 506 U.S. 333, 339, 112 S. CT. 2514, 2518, 19. THE FACTS ARE THERE WAS "NO EVIDENCE," TO SHOW PETITIONER HAD COMMITED ANY CRIME, EVEN WITHOUT THE CONSTITUTIONAL ERROR, NO REASONABLE JUROR WOULD HAVE FOUND PETITIONER GUILTY.

FUTHER RELATOR CAN AND WILL SHOW THAT, IN LIGHT OF ALL THE EVIDENCE NO REASONABLE JUROR WOULD FIND RELATOR GUILTY OR CONVICTED HIM. DOUSLEY VS. U.S. 118 S. CT. 1604 (1998), IN THIS CASE RELATOR'S CLAIM MAY STILL BE REVIEWED IN WRIT OF MANDAMUS, IF HE CAN ESTIBLASH THAT THE CONSTITUTIONAL ERROR "IN" HIS PLEA COLLOQUY WAS RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALY INNOCENT. MURRAY VS. CARRIER, AT 496 S. CT. 2649.

STANDARD OF REVIEW, IN REVIEW AN ISSUE ASSERTING THAT A FINDING IS "AGAINST THE GREAT WEIGHT AND PREPONDERANCE" OF THE EVIDENCE, WE MUST CONSIDER AND WEIGHT ALL OF THE EVIDENCE AND SET ASIDE THE FINDING ONLY IF THE EVIDENCE IS SO WEAK OR THE FINDING IS SO CONTRARY TO THE GREAT WEIGHT AND PREPONDERANCE OF THE EVIDENCE AS TO BE CLEARLY WRONG AND UNJUST, QUOTED FROM, DOW CHEM. CO. VS, FRANCIS, 46 S.W. 3d 237, 242 (TEX. 2001) SEE SCHLOP VS. DELO, 513 U.S. 298, 327, 328, 115 S. CT. 851, 867-68.

IS INNOCENCE IRRELEVANT? COLLATERAL ATTACT ON CRIMINAL JUDGEMENT, 8 VS. CHI. L, REV. 142, 160 (1970). DISTRICT COURT FAILED TO ADDRESS RELATORS ACTUAL INNOCENCE, HOW EVER IN THIS CASE TO PERMIT RELATOR TO ATTEMPT TO MAKE A SHOWING OF ACTUAL INNOCENCE. (WHICH IT IS IMPORTANT TO NOTE IN THIS REGUARD THAT "ACTUAL INNOCENCE" MEANS FACTUAL INNOCENCE, NOT MERE LEGAL INSUFFIENCY) SAWYER VS. WHITLEY, 505 U.S. 333, 339, 112 S. CT. 2514-18-19.

TO SHOW HIS INNOCENCES RELATOR OFFERS AS EVIDENCE EXHIBITS (1) (2) AND (B) WHICH PROVES THE STATE WAS NEVER IN POSSICSION OF ANY EVIDENCE THAT RELATOR COMMITED ANY CRIME. RELATOR SHOULD SEVEAR PREJUDICE SO THAT THE COURTS WILL REACH THE MERITS OF A CLAIM, THE COURT MUST HEAR THE MERITS OF SUCH CLAIMS IF FAILURE TO HEAR THEM WOULD RESULT IN A MISCARRAGE OF JUSTICE. KUHLMAN VS, WILSON, 106 S. CT. 2616, THE MISCARRAGE OF JUSTICE EXCEPTION APPLIES WHERE THE APPLICANT IS "ACTUAL INNOCENT" OF THE CRIME OF WHICH HE WAS CONVICTED. U.S. VS, SANDERS, 157 F. 3d 302, CONSTITUTIONAL LAW # 266 (7). DUE PROCESS REQUIRES THAT NO PERSON BE MADE TO SUFFER THE ONUS OF A CRIMINAL CONVICTION EXCEPT UPON SUFFICIENT PROOF, DEFINED AS EVIDENCE NECESSARY TO CONVINCE A TRIER OF FACTS BEYOND A REASONABLE DOUBT OF THE EXISTENCE OF EVERY ELEMENT OF THE OFFENSE,

THE CONSTITUTIONAL STANDARD RECOGNIZED IN WINSHIP, CITED AT 397 U.S. 358, 364 (1970) WAS EXPRESSLY PHRASED AS ONE THAT PROTECTS AN ACCUSED AGAINST A CONVICTION EXCEPT ON PROOF BEYOND A REASONABLE DOUBT,,, IN SUBSEQUENT CASES DISCUSSING THE REASONABLE DOUBT STANDARD, WE HAVE NEVER DEPARTED FROM THIS DEFINITION OF THE RULE OR FORM THE WINSHIP UNDERSTANDING OF THE CENTRAL PURPOSES IT SERVES. INAN VS, NEW YORK, 92 S, CT, 1951, 52; LEGO VS, TWOMEY, 92 S. CT. 619, 625-29; MULLANAY VS. WILBURN, 95 S. CT. 188; PATTERSON VS. NEW YORK, 432 U.S. 197, 97 S. CT. 2319; COOL VS, U.S, 93 S. CT. 354, 357;

IN SHORT, WINSHIP AS AN ESSENTIAL OF THE DUE PROCESS GUARANTEED BY THE 14TH AMENDMENT THAT NO PERSON SHALL BE MADE TO SUFFER THE ONUS OF A CRIMINAL CONVICTION EXCEPT UPON SUFFICIENT PROOF - DEFINED AS EVIDENCE NECESSARY TO CONVINCE A TRIER OF FACT BEYOND A REASONABLE DOUBT OF THE EXISTENCE OF EVERY ELEMENT OF THE OFFENSE.

RELATOR ASSURTS HIS ACTUAL-INNOCENCE CLAIM AS FACTUAL INNOCENCE NOT ONLY LEGAL INSAFFSHENT INNOCENCE, UNDER THE McQUIGGINS VS. PERKINS, 185 L. Ed. 2d 1019; 2013 U.S. LEXIS 4068; RELATOR'S CLAIM LET'S HIM CROSS THE THRESHOLD INTO FEDERAL COURTS. FAILUR TO HEAR PETITONERS CLAIM IN HIS FEDERAL HABEAS CORPUS PETITION WOULD RESULT IN A FUNDIMENTAL MISCARRIAGE OF JUSTICE. U.S. VS. SANDERS, 157 F.3d 302 (5th CIR. 1998).

HEBEAS CORPUS #45.2(1), A STATE PRISONER'S CLAIM THAT EVIDENCE IN SUPPORT OF HIS STATE CONVICTION CANNOT BE FAIRLY CHARACHTERIZED AS SUFFICIENT TO HAVE LED A RATIONAL TRIER OF FACTS TO FIND GUILT BEYOND A REASONABLE DOUBT IS COGNIZABLE IN FEDERAL HABEAS CORPUS PROCEEDING.

# GROUND TWO, INEFFECTIVE ASSISTANCE OF COUNSEL

THE SECOND COURT OF APPEALS NEVER BROUGHT UP RELATORS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL, RELATOR CLEARLY SHOWED THE FEDERAL COURTS THAT THE (AEDPA) LIMITATIONS DID NOT APPLY IN HIS CASE, WITH RESPECT THE RELATOR SHOWS UNTO THIS HONORABLE COURT THE FOLLOWING:

IN MARTINEZ VS RYAN, 132 S. CT. 1309;

A DISTRICT COURT DENIED PETITIONER INMATE'S HABEAS CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, RULING THAT ARIZ. RULE CRIM. PROC. 32(a)(3), WAS AN ADEQUATE AND INDEPENDENT STATE LAW GROUND TO BAR FEDERAL REVIEW AND NO CAUSE WAS SHOWN TO EXCUSE THE PROCEDURAL DEFAULT SINCE POSTCONVICTION COUNSEL'S ERRORS DID NOT QUALIFY AS CAUSE FOR DEFAULT;

THE U.S. COURT OF APPEALS FOR THE 9TH CIR. AFFIRMED, CERTIORARI WAS GRANTED WHERE UNDER STATE LAW, CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL MUST BE RAISED IN AN INITIAL REVIEW COLLATERAL PROCEEDINGS, A PROCEDURAL DEFULT WILL NOT BAR A FEDERAL HABEAS COURT FROM HEARING INEFFECTIVE ASSISTANCE CLAIMS IF IN THE INITIAL COLLATERAL PROCEEDINGS WERE THERE WAS NO COUNSEL OR COUNSEL IN THAT PROCEEDING WAS INEFFECTIVE.

THE STATE BAR OF TEXAS FOUND RELATORS COURT APPOINTED COUNSEL IN VIOLATION OF SEVERAL STATUTES, SEE EXHIBIT

IN RELATORS CASE HIS APPOINTED COUNSEL DID NOT REPERSENT RELATOR IN A ZELUS WAY BUT ALLOWED PROSECUTION TO NOT ONLY GET A WRONGFUL CONVICTION BUT AN ILLEGAL CONVICTION AS WELL. RELATOR INTERS AS NEW EVIDENCE (THAT WAS OBTAINED AFTER INITIAL WRIT OF HABEAS CORPUS 11.07), WHICH IS THE "JUDGMENT OF CONVICTION BY THE COURT," "STATUTE OF OFFENSE," STATES RELATOR WAS CONVICTED OF THE INDICTMENT, INDECENCY WITH A CHILD - CONTACT, PENAS STATUTE 21.11(a)(1) WHICH IS A FAULSE ENTRY, INDECENCY WITH A CHILD - CONTACT, IS LISTED UNDER PENAL STATUTE 21.11(a)(2), WHICH IS A 3RD DEGREE FELONY WHICH CARRIES A SENTENCE OF 2 TO 10 YEARS, RELATOR WAS GIVE A ILLEGAL SENTENCE OF 11 YEARS.

THIS IS IN VIOLATION OF PENAL CODE §37.10, TAMPERING WITH GOVERNMENTAL RECORD. WHICH STATES:

(a) A PERSON COMMITS AN OFFENSE IF HE:

(1) KNOWINGLY MAKES A FALES ENTRY IN, OR ALTERATION OF, A GOVERNMENTA RECORD;

(2) MAKES, PRESENTS, OR USES ANY RECORD, DOCUMENT, OR THING WITH KNOWLEDGE OF ITS FALSITY OR WITH INTENT THAT IT BE TAKEN AS A GENUINE GOVERNMENTAL RECORD;

THE FEDERAL COURT IS IN ERROR, BY PLACING A FAULSE PENAL CODE - §21.11(a)(1) "A PERSON COMMITES AN OFFENSE IF, WITH A CHILD YOUNGER THEN 17 YEARS OF AGE, WHETHER THE CHILD IS OF SOME OR OPPOSITE SEX;

(1) ENGAGES IN SEXUAL CONTACT WITH THE CHILD OR CAUSES A CHILD TO ENGAGE IN SEXUAL CONTACT;

RELATOR MADE AN INVOLINTARY, UNKNOWLY PLEA TO, PENAL STATUTE §21.11(a)(2), WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF ANY PERSON.

THE FEDERAL COURT IS ALSO IN ERROR BY CLASSIFING RELATER AS, PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENDERS PENAL CODE §12.42, WHICH IS ERRONUS. SEE PENAL CODE §1242 (3)(b), WHICH STATES THE FOLLOWING:

"EXCEPT AS PROVIDED BY SUBSECTION (c)(2), IF IT IS SHOWN ON THE TRIAL OF A SECOND-DEGREE FELONY THAT THE DEFENDANT HAS BEEN ONCE BEFORE CONVICTED OF A FELONY, ON CONVICTION HE SHALL BE PUNISHED FOR A FIRST DEGREE FELONY."

FUTHER, PENAL CODE §12.42(a)(2), STATES,

"IF IT IS SHOWN ON THE TRIAL OF A STATE JEIL FELONY PUNISHABLE UNDER SEC. 12.35.(a) THAT THE DEFENDANT HAS PREVIOUSLY BEEN FINALY CONVICTED OF TWO FELONIES, AND THE SECOND PREVIOUS FELONY CONVICTION IS FOR AN OFFENSE THAT OCCURRED SUBSEQUENT TO THE FIRST PREVIOUS CONVICTED HAVEING BECOME FINAL, ON CONVICTION THE DEFENDANT SHALL BE PUNISHED FOR A SECOND DEGREE FELONY."

RELATOR COULD NOT BE CLASSIFIED AS A REPEAT OFFENDER FOR THE FOREGOING REASONS LISTED ABOVE, FUTHER UNDER PENAL CODE§ 12.42 (e) (1), RELATOR WAS NOT, AND IT WAS NOT SHOWN AT TRIAL WHERE RELATOR WAS ON TRIAL FOR A STATE JAIL FELONY TO BE PUNISHED FOR A SECON DEGREE FELONY.

RELATOR WAS NEVER CONVICTED UNDER, PENAL CODE § 12.42 (C)(2),(A),(i),(ii),(iii) SEE ENHANCEMENT PARAGRAPH, AT, DEFECTIVE INDICTMENT, SEE EXHIBIT (3).

IN GROUND, THREE RELATOR WAS FORCED INTO AN UNKNOWING, INVOLUNTARY PLEA AGREEMENT.

RELATOR ASSERTS, HIS PLEA, IF THE DEFENDANT ENTERS A GUILTY PLEA WHILE CONTINUING TO ASSERT HIS OR HER INNOCENCE, THEN THE PLEA IS ONLY CONSTITUTIONALLY ACCEPTABLE IF THERE IS STRONG EVIDENCE OF GUILT. FOR A PLEA TO BE VALID, AN ADEQUATE FACTUAL BASIS NEEDS TO BE ESTABLISHED ONLY FOR THE ELEMENTS OF THE SUBSTANTIVE CRIMINAL OFFENSE. U.S. VS. VENTURA-CRUEL, 356 F.3d 55, 61; U.S. VS. ADAMS, 448 F.3d 492, 499.

THERE CAN BE NO FACTUAL BASIS ESTABLISHED WHEN A INDICTMENT IS MULTI-PLUISH. SEE OPINION AND ORDER, OF FINAL JUDGMENT, LAST PARAG. WHICH STATES THE FOLLOWING; "THE STATE AGREED TO WAIVE "THE REMAINING COUNTS" AND THE HABITUAL COUNT." U.S. VS. TUNNING, 69 F.3d 107;      (SHOWING MULTIPLICITY)

ALFORD -TYPE GUILTY PLEA IS GUILTY PLEA IN ALL MATERIAL RESPECTS. THE DIFFERENCE BETWEEN AN ALFORD-TYPE GUILTY PLEA AND A PLEA OF NOLO CONTENDERE. IN UNITED STATES, VS. HARLAN, 35 F.3d 176, 180.

THE STATES AFFIRMS THAT THEIR IS NO FACTUAL BASIS FOR PLEA. SEE STATES RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS, PG. 4. LINE (13), STATEING "HOWEVER A GUILTY PLEA IS "SOME" EVIDENCE TO SUPPORT A CONVICTION.

THIS IS CONTRARY TO FEDERAL LAW, FED. R. CRIM. PROC. 11(F), U.S. VS. TUNNING, 69 F.3d 107,

FURTHER, IN STATE'S REPLY TO DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SEC II, "THERE IS NO EVIDENCE TO BE TESTED." PG. ONE.

THERE NEVER WAS ANY EVIDENCE TO SHOW RELATOR EVER COMMITTED ANY CRIME. THE CONSTITUTION REQUIRES THAT A DEFENDANT'S PLEA BE MADE VOLUNTARILY, RELATOR'S PLEA OF GUILTY WAS NO VOLUNTARY BECAUSE OF PROSECUTORIAL MISCONDUCT, BY THREATENING RELATOR WITH 30 YRS. TO LIFE SENTENCE AND AS A HABITUAL FELON IF RELATOR DID NOT PLEA GUILTY. BRADY VS. U.S. 397 U.S. 742, 750. RELATOR'S GUILTY PLEA WAS INVOLUNTARY BECAUSE RELATOR WAS PREJUDICED BECAUSE IT CREATED A FUNDEMENTAL MISCARRIAGE OF JUSTICE, PROS-ECUTORIAL MISCONDUCT THE PROSECUTOR'S DUTY IN A CRIMINAL PROSECUTION IS TO SEEK JUSTIS THEREFORE, THE PROSECUTOR SHOULD "PROSECUTE WITH EARNESTNESS AND VIGOR," BUT MAY NOT USE IMPROPER METHODS CALCULATED TO PRODUCE A WRONGFUL CONVICTION. BERGER VS. U.S. 295 U.S. 78.

THE TEX. CODE CRIM. PROC. ART 81.15, REQUIRES THAT THE STATE OFFER SUFFICIENT PROOF TO SUPPORT ANY JUDGMENT BASED ON A GUILTY OR NOLO CONTENDERE PLEA TO A FELONY CASE TRIED BEFORE THE COURT.

IN RELATERS CAUSE THERE IS "EVIDENCE AGAINST HIM WHAT SO EVER, ALL ALLEGA-TIONS PRESENTED IN THIS WRIT OF MANDAMUS CAN BE SUBSTAINTED BY THE COURT TRANSCRIPS AND COURT RECORDS, RELATOR WAS DENIED DISCOVERY IN THIS CACLETERAL PROCEEDINGS, AFTER TRYING TO GAIN DISCOVERY RELATERS APPOINTED COUNSEL REFUSED TO REPLY TO SAID REQUEST. SEE EXHIBIT (6), RELATOR HAS SENCE FILED A FORMAL COMPLAINT TO THE STATE BAR OF TEXAS, WHICH CLASSIFIED THE GRIVENCE AS A COMPLAINT. SEE EXHIBIT ____.

RELATORS CLAIM MAY STILL BE REVIEWED IN THIS COLLATERAL PROCEEDINGS IF HE CAN ESTIBLISH THAT THE CONSTITUTIONAL ERROR IN HIS PLEA COLLOQUY, "HAS PROBABLY RESULTED IN THE CONVICTION OF ONE WHO IS ACTUALLY INNOCENT." MURRAY VS. CARRIER, 496, 106 S. CT. AT 2649.

ON PAGE (3) THREE OF THE FINAL JUDGMENT SEC. II DISCUSSION LAST (4) FOUR LINES, THE FEDERAL COURTS CONTENDS: "PETITIONER CANNOT ESTIBLISH A CONNECTION BETWEEN THE DENIAL OF A FREE STATE-COURT RECORDS AND TRANSCRIPTS AND HIS ABILITY TO FILE THE FEDERAL PETITION. THERE IS NO REQUIREMENT UNDER EITHER STATE OR FEDERAL LAW THAT A HABEAS PETITIONER FILE THE STATE-COURT RECORD IN A HABEAS CORPUS PROCEEDING NOR DOES A PRISONER HAVE A CONSTITUTIONAL RIGHT TO A FREE COPIES OF RECORDS OR TRANSCRIPTS FOR THE PURPOSE OF PREPARING A COLLATERAL ATTACK ON HIS CONVICTION OR SENTENCE,"

TO THE CONTRARY, THE FEDERAL COURTS DECISION WAS BOTH ARBITRARY AND ERRONESSUS, IT DID NOT ADEQUATELY CONSIDER IN IT DETERMINATION, WHETHE THE STATE COURT AFFORDED RELATOR THE NECESSARY FACILITES AND/OR SUPPORT MATERAL FACTS RAISED IN CLAIM. 2254(B)(ii); OR WHETHER THE STATE CORT GAVE RELATOR A FULL AND FAIR OPPORTUTINY TO LITIGATE HIS ISSUES RAISED. 2254(B)(ii), WHETHER THE MERITS OF THE FACTUAL DISPUTE WERE RESOLVED IN THE STATE COURT. (WHICH THEY WERE NOT), THE FEDERAL AND STATE COURT DID VIOLATE RELATORS DUE PROCESS RIGHT IN THERE DETERMINATION WITH OUT GIVING RELATOR THE REQUESITE CONSIDERATION AS REQUIRED BY LAW TO SEE IF THE STATE COURT AFFORDED HIM THE NECESSARY FACILITIES AND PROCEDURES FOR AND ADEQUATE INQUIRY TO DEVELOP AND/OR SUPPORT HIS MATERAL FACTS RAISED IN HIS CLAIM.

RULE 6, DISCOVERY, AND THE FEDERAL RULES OF APPELLATE PROC, RULES 26-37, AUTHORIZES THE RELATOR TO REQUEST AND UTILIZE DISCOVERY FACILITIES AND PROCEDURES FOR AN ADEQUATE INQUIRY, IN ORDER TO DEVELOP AND/OR SUPPORT ISSUES RAISED IN HIS CLAIM. HOWEVER, AS POWERFULLY ARTICULATED IN 394 U.S. 303 n. 7, THE DISCOVERY MAY IN APPROPRIATE CASES, AID IN DEVELOPING FACTS NECESSARY TO DECIDE WHETHER TO ORDER AN EVIDENTRY HEARING OR TO GRANT THE WRIT FOLLOWING EVIDENTRY HEARING. BUT WHERE SPECIFIC ALLEGATIONS BEFORE COURT SHOW REASON TO BELIEVE THAT THE PETITIONER MAY IF THE FACTS ARE FULLY DEVELOPED, BE ABLE TO DEMONSTRATE THAT HE IS CONFINED ILLEGALLY AND IS THEREFORE ENTITLED TO RELIEF, IT IS THE DUTY OF THE COURT TO PROVIDE THE NECESSARY FACILITIES AND PROCEDURES FOR AN ADEQUATE INQUIRY. SUCH PREHEARING DISCOVERY IS ADVOCATED BY WAGNER VS. U.S., 418 F.2d 618 .621.

FUTHERMORE, IN TOWNSEND VS. SAIN, 372 U.S. 293, 319, 83 S. CT. 745, THE SUPREME COURT AFFIRMED THAT RELATER MUST BE GIVEN THE OPPORTUNITY TO PRESENT OTHER TESTIMONIAL, AND DOCUMENTARY EVIDENCE RELEVANT TO DISPUTED ISSUES,

IN CONCLUSION, THE FEDERAL COURT CAN BE FAULTED, BECAUSE THEY ABUSED THEIR DISCRETION BY FAILING TO ADJUDICATE RELATORS FEDERAL WRIT APPLICATION BY REQUISITE OF LAW, WITH RESPECT TO RULE (6) SIX, IN DISCOVERY CONSIDERATION, AND APPLICABLE RULES IN THE FEDERAL RULES OF APPELLATE PROCEDURES (26-37) WHICH ARE CLEARLY ESTABLISHED IN THE HOLDINGS OF THE SUPREME COURT SPECIFICALLY, THE FEDERAL COURT DID NOT ADEQUATELY CONSIDER THAT BY LAW RELATOR SHOULD HAVE BEEN GIVEN THE OPPORTUNITY TO PRESENT TESTIMONIAL AND DOCUMENARY EVIDENCE RELEVANT TO DISPUTED ISSUES. (TOWNSOND VS. SAIN); THAT RELATOR WAS ENTITLED TO AN OPPORTUNITY TO OFFER PROOF TO SUPPORT OR DEVELOP ALLIGATIONS RAISED IN HIS WRIT APPLICATION, BECAUSE THE STATE COURT DENIED RELATOR AN ADEQUATE OPPORTUNITY TO DEVELOP AND LITIGATE HIS CONTROVERTED ISSUES RAISED IN HIS CLAIM, HAINS VS. KENNER;

AND FINALLY, THE FEDERAL COURT CAN BE FAULTED FOR IGNORING RELATORS DESPRATE PLEAS FOR DISCOVERY, BECAUSE RELATOR IS INCARRERATED, INDIGENT, AND HAD NO LEGAL TRAINING OR EXPERIENCE AND THE INFORMATION AND EVIDENCE COULD NO BE OBTAINED IN ANY OTHER WAY, THE DISCOVERY REQUESTED WAS RELEVENT, MATERAL, AND WAS NOT DIFFICULT TO RETRIEVE, MOST OF IT WAS ALREADY IN THE STATE FILES.

RELATOR INVITED THE STATE TO SHOW ANY EVIDENCE "DEFINED AS EVIDENCE" OF HIS GUILT RELATOR IS MORE THEN CONFIDENT THAT THERE IS NO EVIDENCE, BECAUSE RELATOR IS "INNOCENT."

THE GOVERNMENT IS NOT LIMITED TO THE EXISTING RECORD TO REBUT ANY SHOWING THAT RELATOR MIGHT MAKE. RATHER ON REMAND THE GOVERNMENT SHOULD BE PERMITTED TO PRESENT ANY ADMISSIBLE EVIDENCE OF RELATORS GUILT EVEN IF THAT EVIDENCE WAS NOT PRESENTED DURING RELATORS PLEA COLLOQUY AND WOULD NOT NORMALY HAVE BEEN OFFERED BEFORE OUR DECISION IN BAILEY IN CASES WHERE THE GOVERNMENT HAS FORGONE MORE SERIOUS CHARGES IN THE COURSE OF PLEA BARGAINING, RELATOR SHOWING OF ACTUAL INNOCENCE MUST ALSO EXTEND TO THESE CHARGES.

THE PROSECUTION FILED A DEFECTIVE "CHARGING INSTRUMENT," THE STATE, STATED ON PAGE(8) EIGHT OF STATES RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS. "THAT INDICTMENT THERE IS NO ERROR IN INDICTMENT." TO THE CONTRARY RELATORS COURT APPOINTED COUNSEL DID FILE A MOTION TO SQUASH INDICTMENT SEE EXHIBIT

SECTION II OF PAGE (2) TWO, DEMENSTRATES HOW AMBIGUOUS AND VAGUE INDICTMENT IS AND HOW IT DOES NOT GIVE DEFENDANT SUFFICIENT NOTICE, IT GOES ON TO EXPLAIN THAT RELATOR NEVER KNEW WHAT CHARGE TO PERMEAR A DEFENCE FOR. SEE INDICTMENT NO. TRR:913332977X.

INDICTMENT CHARGING A SINGLE OFFENSE IN DIFFERENT COUNTS ARE MULTIPLICITOUS. RELATORS INDICTMENT HAS (11) ELEVEN COUNTS FROM A SINGLE ALLEGED ACT. U.S. VS. SHEA, 211 F. 3d 658, 673;

MULTIPLE SENTENCES FOR A SINGLE OFFENSE IS IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE. MULTIPLICITY DOES NOT EXIST IF EACH COUNT OF THE INDICTMENT CALLS FOR FACTUAL PROOF THAT REQUIRES BY THE OTHER COUNTS. BLOCKBURGER VS. U.S. 284 U.S. 299, 304, TEST FOR NON-MULTIPLICITOUS INDICTMENT IS WHETHER EACH PROVISION [OF THE STATORY CODE UNDER WHICH DEFENDANT IS BEING CHARGED] REQUIRES PROOF OF A FACT WHICH THE OTHERS DOES NOT. SEE BLOCKBURGER. SEE ALSO GARRETT VS. U.S. 471 U.S. 773, 779, BLOCKBURGER STATES A RULE OF STATUTORY CONSTRUCTION, NOT A CONSTITUTIONAL REQUIREMENT, SO NO MULTIPLICITY WHEN CLEAR INTENT OF CONGRESS IS TO CREATE MULTIPLE PUNISHMENT FOR SAME ACTS. IF THE INDICTMENT DIVIDES A SERIES OF SIMILAR OFFENSES INTO SEVERAL COUNTS TO MEET THE JURISDICTIONAL REQUIREMENTS OF THE CHARGED STATUTE, AS LONG AS THE DIVISION INTO COUNTS IS LOGICAL AND BASED ON DISTINT TIME PERIODS OR LOCATIONS. U.S. VS. TANN, 577 F. 3d 533, 537.

RELATERS INDICTMENT CHARGES (11) ELEVEN COUNTS, WHICH SAPOSTIVELY ACCURED ON SAME DAY. U.S. VS. LEFTENAUT, 341 F. 3d 338, 347-48; U.S. VS. MILLER, 576 F. 3d 528, 53(5TH CIR. 2009) (PER CURIAM) INDICTMENT RESULTING IN 2 SEPARATE CONVICTIONS FOR RUNNING OVER POLICE OFFICER IN MOTOR VEHICLE MULTIPLICITOUS BECAUSE CRIME RESULTED FROM SAME INCIDENT; SEE ALSO U.S. VS. PARKER, 508 F. 3d 434, 440; U.S. VS. ROBERTSON, 606 F. 3d 943, 951;

HOWEVER, EVEN IF A STATUTE REQUIRES PROOF OF DIFFERENT FACTS ON ITS FACE, COURTS WILL OFTEN CONSIDER ADDITIONAL EVIDENCE TO DETERMINE WHETHER THE LEGIS LATURE INTENDED TO PROVIDE FOR MULTIPLE PUNISHMENTS. U.S. VS. KERLEY, 544 F. 3d 172, 179. INDICTMENT MULTIPLICITOUS BECAUSE RULE OF LENITY REQUIRES COURT TO INTERPRET STATUTE TO FAVOR DEFENDANT WHEN STATUTE AMBIGUOUS AS TO WHETHER CONGRESS INTENDED MULTIPLE PUNISHMENT. SEE I.D. AT 179. SEE ALSO U.S. VS. SHEA, 211 F. 3d 658, 673.

WHEN MULTIPLICITY BECOMES APPARENT BEFORE TRIAL, THE COURT MAY ORDER THE GOVERNMENT TO CHOOSE THE COUNT ON WHICH IT WILL CONTINUE AND DISMISS THE REMAINING COUNTS. SEE e.g., U.S. VS. MOLINARES, 700 F. 2d 647, 653 n.11 (11TH CIR, 1983);

RELATOR DID NOT RISK WAIVER BY FAILING TO CHALLENGE THE MULTIPLICITOUS INDICTMENT BEFORE TRIAL. FED. RULE CRIM. PROC. 12(b)(3)(B), OBJECTION BASED ON DEFECTS IN INDICTMENT MUST BE RAISED PRIOR TO TRIAL, U.S. VS. CHACKO, 169 F. 3d 140, 145-46. (MULTIPLICITY CLAIM CAN BE PART OF PRETRIAL MOTION OR MADE AT LATER TIME);

MULTIPLICITY OBJECTION NOT WAIVED DESPITE GUILTY PLEA WHEN VIOLATION APPARENT ON FACE OF INDICTMENT OR RECORD. U.S. VS. POLLEN, 978 F. 2d 78, 84;

RELATOR FILED HIS OBJECTION IN THE FORM OF "MOTION TO SQUISH INDICTMENT," CITING ARTICAL 21.02(6) CODE OF CRIM. PROC. HOLDING; SUCH AN ALLEGATION IS CONSIDERED TO PUT THE DEFENDANT ON NOTICE THE HE MUST BE PREPARED TO RESPOND TO PROOF SHOWING THE ALLEGED ACT OR ACTS OF CRIMINAL MISCONDUCT OCCURRED DURING THE APPLECABLE STATUTE OF LIMITATIONS. THOMAS, VS. STATE, 753 S.W. 2d 688, 693 (TEX, CRIM, APP, 1988); STAHLE VS. STATE, 970 S.W. 682 (TEX, APP. DALLAS 1998), SEE EXHIBIT 3

IN GROUND (4) FOUR, DEFECTIVE CHARGING INSTRAMENT.

THE INDICTMENT IN RELATORS CASE IS MULTIPLICITOUS AND CHARGES RELATOR WITH (11) ELEVEN COUNTS FROM SINGLE ACT, RELATOR NEVER KNEW WHICH COUNT STATE INTENDED TO PROSECUTE. INDICTMENT HAS (11) ELEVEN COUNTS THAT ACCORDING TO PROSECUTION ACCURED ON SAME DAY, AT SAME TIME, SEE U.S. VS. SHEA, 211 F. 3d 658, 673. THIS ALSO VIOLATES DOUBLE JEPERTY CLAUSE OF THE UNITED STATES CONSTITUTION ALSO CONSTITUTES A JURISDICTIONAL DEFECT, DEPRIVING THE COURT OF JURISD-ICTION. U.S. VS. MORECI, 283 F. 3d 293. THE DEFECT IS NOT WAIVED BY A GUILTY PLEA, MORECI, SUPRA, ALSO SEE FED. RULE OF CRIMINAL PROC. RULE 12(b)(2); 18 U.S.C. US VS. WHITE, 258 F. 3d 374.

ALTHOUGH STATE'S FAILURE TO ALLEGE ELEMENTS OF OFFENSE AS REQUIRED BY STATUTE IS SUBJECT TO WAIVER PROVISIONS OF STATUTE REQUIRING DEFENDANT TO OBJECT TO DEFECT IN INDICTMENT PRIOR TO DATE OF TRIAL. SEE EXHIBIT _4_.
THIS DOES NOT EXCUSE STATE FROM PROVING, ALL ELEMENTS OF OFFENSE, SEE CODE CRIM. PROC., 1.14; 21.02; STATE VS. TURNER, 1898 S.W. 2d 303, ON REMAND 916 S.W. 2d 664.,

IN THE ABOVE MENTIONED CASE, U.S. VS. WHITE, 258 F. 3d 374, THE GOVERNMENT'S FIRST TWO GROUNDS FOR WAIVER HAVE IN THE CONTEXT OF A CHALLENGE TO THE SUFFICI-ENCY OF AN INDICTMENT, BEEN CONSISTENTLY REJECTED BY THIS COURT. "IT IS WELL SETTLED THAT THE ENTRY OF A GUILTY PLEA DOES NOT ACT AS A WAIVER OF JURISDICTIONAL DEFECTS SUCH AS AN INDICTMENTMENT'S FAILURE TO CHARGE AN OFFENSE AND THAT THE DEFENDANT MAY RAISE SUCH FAILURE AT ANYTIME."

RELATOR HAS SPECIFIED IN PAGE (3) THREE OF GROUND (3) THREE OF INVOLUNTARY PLEA AGREE-MENT, ON HOW INDICTMENT CHARGING A SINGLE ALLEGATION IN DIFFRENT COUNTS ARE MULTIP-LICITOUS. SEE PAGE 3 OF 3 OF INVOLUNTARY PLEA AGREEMENT.

IN GROUND (5) FIVE, NO EVIDENCE, RELATOR DEMONSTRATED, PROVING ELEMENTS BEYOND A REASONABLE DOUBT. IN STATES RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS, THE STATE CONTENDS THAT ON PAGE (10) TEN LINE(S) FIVE, STATE'S, "THE VICTIM'S TESTIMONY ALONE COULD HAVE CONVICTED APPLICANT/RELATOR". THIS IS CONTRARY TO STATE AND FEDERAL LAW, UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT, THE PROSECUTION IS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT EVERY ELEMENT OF THE CRIME WITH WHICH A DEFENDANT IS CHARGED. SEE IN RE WINSHIP, 397 U.S. 358, 364 (1970); SEE ALSO U.S. VS. O'BRIEN, 130 S.CT. 2169, 2174 (2010) (DISTINGUISHING BETWEEN "ELEMENTS OF A CRIME THAT MUST BE CHARGED IN AN INDICTMENT AND PROVED TO A JURY BEYOND A REASONABLE DOUBT" AND SENTENCING FACTORS THAT CAN BE PROVED TO A JUDGE AT SENTENCING, BY A PREPONDERANCE OF THE EVIDENCE"). THE WINSHIP "BEYOND-A-REASONABLE DOUBT" STANDARD APPLIES IN BOTH STATE AND FEDERAL PROCEEDINGS. SULLIVAN VS. CA., 508 U.S. 275, 278 (1993). THE STANDARD PROTECTS THREE INTEREST. FIRST, IT PROTECTS THE DEFENDANT'S LIBERTY INTEREST. WINSHIP, SUPRA. SECOND, IT PROTECTS THE DEFENDANT FROM THE STIGMA OF CONVICTION. Id. THIRD, IT ENCOURAGES COMMUNITY CONFIDENCE IN CRIMINAL LAW BY GIVING "CONCRETE SUBSTANCE" TO THE PRESUMPTION OF INNOCENCE, Id, AT 363-64.

"DETERMINATION OF OUR SOCIETY THAT IT IS FAR WORSE TO CONVICT AN INNOCENT MAN THEN TO LET A GUILTY MAN GO FREE." Id. AT 372 (HARLAM, J., CONCURRING).

THE BURDEN OF PROOF CONSISTS OF TWO PARTS: THE BURDEN OF PRODUCTION AND THE BURDEN OF PERSUASION. THE PARTY BEARING THE BURDEN OF PRODUCTION MUST PRODUCE ENOUGH EVIDENCE TO ALLOW A FACTFINDER TO DETERMINE THAT THE FACT IN QUESTION OCCURRED. THE PARTY WHO FIRST PLEADS THE EXISTENCE OF A FACT NOT YET IN ISSUE USUALLY HAS THE BURDEN OF PRODUCTION, BUT THIS BURDEN CAN SHIFT FROM ONE PARTY TO ANOTHER. IF A PARTY FAILS TO SUSTAIN IT'S BURDEN OF PRODUCTION, THAT PARTY IS SUBJECT TO AN ADVERSE RULING BY THE COURT, FOR INSTANCE, THE PROSECUTION HAS THE BURDEN OF PRODUCTION ON EVERY ELEMENT OF THE OFFENSE CHARGED. IF THE GOVERNMENT FAILS TO PRODUCE SUFFICIENT EVIDENCE FOR ANY ELEMENT, THEREBY NOT BRINGING THE FACT INTO ISSUE, THE JUDGE MAY DIRECT A VERDICT IN THE DEFENDANT'S FAVOR. SEE GENERALLY La FAVE, CRIMINAL LAW § 1.8 (4TH ed. 2603); McCORMICK, EVIDENCE §§ 336-337 (6TH ed, 2006).

PLAINTIFFS CONCEDED RELATOR NOR ANYOTHER DEFENDANT CAN NOT BE CONVICTED BY THE VICTIM'S TESTIMONY ALONE.

FUTHER ON PAGE (10) TEN, LINES 9 AND 10, THE STATE CONTENDS, "COUNSEL'S ADVICE TO PLEAD GUILTY IN EXCHANGE FOR ELEVEN YEARS WAS THE RESULT OF "REASONABLE TRIAL STRAGITY."

THE STATE CAN NOT BEGAIN TO TRY TO MAKE THESE KIND OF UNTRUTH STATEMENTS ON WHAT IS OR IS NOT REASONABLE TRIAL STRAGITY THAT RELATOR'S APPOINTED COUNSELS TRIAL STRAITGY IS OR IS NOT, UNLESS SAID COUNSEL TOLD PROSECUTION WHAT HIS TRIAL STRATIGY WAS." THIS STATEMENT IS PURE "CONJECTURE," THE STATE MAKES THESE SAME GUESSES THROUGHOUT THIS DOCUMENT, IT IS SIMPLY WORD PLAY NOT FACTS OF ANY KIND.

ON THE SAME PAGE (10) TEN LAST PARAGRAPH, WHICH ESSENTUILY STATES RELATOR DID NO PROVE INEFFECTIVE ASSISTANCE OF COUNSEL, TO THE CONTRARY, THE SUPREME COURT HAS BEEN AN ACTUAL OR CONSTRUCTIVE DENIAL OF ASSISTANCE OF COUNSEL ALTOGETHER. STRICKLAND, 466 U.S. AT 692. "IN CERTAIN SIXTH AMENDMENT CONTEXTS, PREJUDICE IS PRESUMED. ACTUAL OR CONSTRUCTIVE DENIAL OF ASSISTANCE OF COUNSEL ALTOGETHER IS LEGALLY PRESUMED TO RESULT IN PREJUDICE. SO ARE VARIOUS KINDS OF STATE INTERFERENCE WITH COUNSEL'S ASSISTANCE. SEE UNITED STATES VS. CRONIC, 466 U.S., AT 659, AND n. 25, 104 S.CT, AT 2046-2047, and n. 25. PREJUDICE IN THESE CIRCUMSTANCES IS SO LIKELY THAT CASE-BY-CASE INQUIRY INTO PREJUDICE IS NOT WORTH THE COST. 466 U.S., at 659, 104 S.CT. AT 2047. MOREOVER, SUCH CIRCUMSTANCES INVOLVE IMPAIRMENTS OF THE SIXTH AMENDMENTS RIGHT THAT ARE EASY TO IDENTIFY AND, FOR THAT REASON AND BECAUSE THE PROSECUTION IS DIRECTLY RESPONSIBLE, EASY FOR THE GOVERNMENT TO PREVENT.

RELATOR WILL NOW DEMENSTRATE HOW HE WAS PREJUDICED, THROUGH INEFFECTIVE ASSISTANCE OF COUNSEL, COUNSEL FILED NUMEROUS MOTIONS THAT WERE DENIED, VERY IMPORTANT MOTION RELITIE TO RELATORS CASE TO HELP PROVE RELATORS INNOCENCE.

IN JACKSON VS. VIRGINA, 99 S.CT. 278. A FEDERAL HABEAS CORPUS MUST CONSEDER NOT WHETHER THERE WAS ANY EVIDENCE TO SUPPORT THE STATE COURT CONVICTION BUT WHETHER THERE WAS SUFFICIENT EVIDENCE TO JUSTIFY A RATIONAL TRIER OF FACTS TO FIND GUILT BEYOND A REASONABLE DOUBT. SEE IN RE WINSHIP, 90 S.CT. 1068.

MR. JUSTICE STEWART, DELIVERED THE OPENION OF THE COURT,

"THE CONSTITUTION PROHIBITS THE CRIMINAL CONVICTION OF ANY PERSON EXCEPT UPON PROOF OF GUILT BEYOND A REASONABLE DOUBT, IN RE WINDSHIP, THE QUESTION IN THIS CASE IS WHAT STANDARD IS TO BE APPLIED IN A FEDERAL HABEAS CORPUS PROCEEDING WHEN THE CRIME IS MORE, THAT A PERSON HAS BEEN CONVICTED IN A STATE COURT UPON INSUFFICIENT EVIDENCE." IN CRIMINAL LAW, KEY NO. 633(1), 741(A), A PERSON CANNOT INCUR THE LOSS OF LIBERTY FOR AN OFFENCE WITHOUT NOTICE OF A MEANINGFUL OPPERTUNITY TO DEFEND, IF NOT THE RIGHT TO A TRIAL ITSELF, PRESUME AS WELL THAT A TOTAL WANT OF EVIDENCE TO SUPPORT A CHARGE WILL CONCLUDE THE CASE IN FAVOR OF THE ACCUSED,

THE TOTAL WANT OF PROBABLE CAUSE DEMINSTRATES THAT THERE WAS AND STILL IS NO EVIDENCE TO HAVE EVEN ARRESTED RELATOR MORELESS INDICT HIM, I SHORT THIS CASE SHOULD HAVE NEVER BEEN FILED AGAINST RELATOR. SEE RODGERS VS. STATE OF TEXAS, 827 S.W. 2d 376; BUTLER VS. STATE, 769 S.W. 2d 234, 239;

THE CONSTITUTIONAL PROBLEM ADDRESSED IN WINSHIP WAS THUS DISTINCT FROM THE STARK PROBLEM OF ARBITARINESS PRESENTED IN THOMPSON VS. LOUSVILLE. IN WINSHIP, THE COURT HELD FOR THE FIRST TIME THAT THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT PROTECTS A DEFENDANT IN A CRIMINAL CASE AGAINST CONVICTION EXCEPT UPON PROOF BEYOND A REASONABLE DOUBT TO EVERY FACT NECESSARY TO CONSTITUTE THE CRIME WITH WHICH HE IS CHARGED." 397 U.S. AT 364, 19 S. CT. AT 1073.

IN SO HOLDING, THAT THE COURT EMPHASIZED THAT PROOF BEYOND A REASONABLE DOUBT HAS TRADITIONALLY BEEN REGARDED AS THE DECISIVE DIFFERENCE BETWEEN CRIMINAL CULPABILITY AND CIVIL LIABILITY. Id., AT 358-362, 92 S.CT. AT 1068-1072, SEE DAVID VS. US., 160 U.S. 469 16 S.CT. 353, BRINGER VS. U.S., 338 U.S. 160, 174, 69 S.CT. 1302, 1310,

IN GROUND (6) SIX, ABUSE OF DISCRETION.

RELATORS TRIAL COURT ABUSED IT'S DISCRETION BY ACCEPTING A PLEA AGREEMENT WHERE THERE WAS NO EVIDENCE WHAT SO EVER. SEE CODE OF CRIM. PROC. ART 1.15. "NO PERSON CAN BE CONVICTED OF A FELONY EXCEPT UPON THE VERDIC OF A JURY DULY RENDERED AND RECORDED, UNLESS THE DEFENDANT, UPON ENTERING A PLEA HAS IN OPEN COURT IN PERSON WAIVED HIS RIGHT TO TRIAL BY JURY IN WRITTING IN ACCORDANCE WITH ARTICLE 1.13 AND 1.14; PROVIDED, HOWEVER THAT IT SHALL BE NECESSARY FOR THE STATE TO INTRODUCE EVIDENCE INTO THE RECORD SHOWING THE GUILT OF THE DEFENDANT AND SAID EVIDENCE SHALL BE ACCEPTED BY THE COURT AS THE BASIS FOR IT'S JUDGMENT AND IN NO EVENT SHALL A PERSON CHARED BE CONVICTED UPON HIS PLEA WITHOUT SUFFICENT EVIDENCE TO SUPPORT THE CASE.

THE EVIDENCE MAY BE STIPULATED IF THE DEFENDANT IN SUCH CASE CONSENTS IN WRITING, IN OPEN COURT, TO WAVE THE APPEARANCE, CONFRONTATION,

THE TRIAL COURT ALSO ABUSED IT'S DISCRETION BY DENYING RELATORS MOTION TO QUASH INDICTMENT, WHICH IS MULTIPLICUSH AND IS IN VIOCATION OF DUBBLE JEPERDY (REFUR TO PAGE TEN OF WRIT OF MANDAMAS) SEE MCKINNEY VS. STATE, 59 S.W. 3d 304. HOLDING: "A MOTION TO QUASH SHOULD BE GRANTED WHEN THE LANGUAGE IN THE INDICTMENT CONCERNING THE DEFENDANT'S CONDUCT IS SO VAGUE OR INDEFINITE AS TO DENY THE DEFENDANT EFFECTIVE NOTICE OF THE ACTS HE ALLEGEDLY COMMITTED, THE GENERAL RULE IS THAT THE STATE IS NOT REQUIRED TO PLEAD EVIDENTRY FACTS THAT ARE NOT ESSENTIAL TO PROVIDE TO REQUIRED NOTICE TO THE ACCUSED. WE REVIEW A TRIAL COURT'S RULING ON MOTION TO QUASH THE INDICTMENT UNDER AN ABUSE OF DISCRETION STANDARD."

THE TRIAL COURT DID ABUSE IT'S DISCRECTION WHEN IT'S RULING IS BASED ON ERRONEOUS VIEW OF THE LAW OR A CLEARLY ERRONEOUS ASSESMENT OF THE EVIDENCE, CLEARLY THE EVIDENCE IN RELATORS CASE WILL NOT SUPPORT THIS CONVICTION THIS HAS PROVEN TO THIS HONORABLE COURT.

EVEN WITHOUT THE ERRORS, THE EVIDENCE WILL NOT SUPPORT THIS CONVICTION. SEE U.S. VS. YANEZ 505A, 513 F. 3d 194 (QUOTED FROM YANEZ) "WE REVIEW THE DISTRICT COURT'S EVIDENTRY RULING FOR ABUSE OF DISCRETION."

"A REASONABLE DOUBT" HAS OFTEN BEEN DESCRIBED AS ONE BASED ON REASON WHICH ARISES FROM THE EVIDENCE OR LACK OF EVIDENCE. SEE JOHNSON VS. LOUSIANA, 406 U.S. 356, 360, 92 S.CT. 1620, 1624,

FUTHER MORE THE FEDERAL COURTS ABUSED IT'S DISCRECTION BY GOING AGAINST IT OWN ORDER. IT IS STATED IN THE "ORDER PERMITTING PROCEEDING IN THE DISTRICT COURT" AND ORDER TO SHOW CAUSE, NOTICE, AND INSTRUCTIONS TO PARTIES.

ON PAGE ONE, RESPONDENT'S ANSWER. STATES: PURSUANT TO RULE 4 OF THE RULES GOVERNING SEC. 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RESPONDENT IS DIRECTED TO FILE AN ANSWER TO THIS PETITION WITHIN 60 DAYS OF THE DATE OF THIS ORDER, ANSWERING IN ACCORDANCE WITH RULE 5 OF THE RULES GOVERNING SEC. 2254 CASES IN THE UNITED STATES DISTRICT COURTS. IF RESPONDENT BELIVES THE PETITION IS WHOLLY BARRED A FAILURE TO EXHAUST STATE REMEDIES, A PROCEDURAL BAR, NON-RETROACTIVITY, OR THE STATUTE OF LIMITATIONS, HE MAY FILE A PRELIMINARY ANSWER ASSERTING ANY SUCH BAR PRIOR TO ANSWERING ON THE MERITS.

RESPONDENT NEVER COMPLYED TO THIS ORDER FROM THE FEDERAL COURTS IN WAY OF NOT ANSWERING RELATORS PETITION ON IT'S MERITS. WITH RESPECTS TO THIS HONORABLE COURT RELATOR SHOWS THE FOLLOWING:

THE FEDERAL COURT CAN BE FAULTED, BECAUSE THEY DID NOT FOLLOW ESTABLISHED SUPREME COURT PRECEEDINGS, WHICH CLEARLY DECLARES THAT APPLICANTS ARE ENTITLED TO A FULL AND FAIR OPPORTUNITY TO LITIGATE CLAIMS RAISED AGAINST THEM, IN ADDTION THE FEDERAL COURT DID NOT FOLLOW ESTABLISHED SUPREME COURT PRECEEDENCE, WHICH CLEARLY DECLARES, THAT IF THE APPLICANT DID NOT RECIVE A FULL AND FAIR CHANCE TO LITIGATE IN THE CONVICTING COURT AND ON COLLATERAL REVIEW, BY LEGISLATIVE CONSTRUCTION IT IS AN INESCAPABLE DUTY OF THE FEDERAL COURT TO GRANT, THE APPLICANT THE REQUIRED FULL AND FAIR OPPORTUNITY TO LITIGATE THOSE CLAIMS RAISED AGAINST HIM IN FEDERAL COURT. SINCE CIRCUMSTANCES EXIST IN RELATORS CASE, THAT RENDERED STATE PROCESS INEFFECTIVE TO PROTECT RELATORS RIGHTS TO HAVE A COMPETENT COUNSELOR, A FAIR AND IMPARTIAL TRIAL, AND FOR RELATOR TO BE AFFORDED A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS CLAIMS RAISED; IT WAS ARBITRARY AND ERRONEOUS FOR THE FEDERAL COURT TO DISMISS RELATORS CLAIM WITH PREJUDICE; TO THE CONTRARY, THEY SHOULD HAVE ADHERED TO SUPREME COURT PRECEDENTS, AND FASHIONED APPROPRIATE PROCEEDURES TO AFFORD RELATOR THE FULL AND FAIR OPPORTUNITY TO LITIGATE ISSUES RAISED, THUS RESOLVING THE CLAIM IN A DIFFRENT MANNER, WHERE IT WOULD HAVE PROCEEDED FUTHER, AS IT WAS ENTITLED TO BY REQUISITE OF LAW.

THE FEDERAL COURTS CAN BE FAULTED BECAUSE THEY DID NOT CONSIDER ADEQUATELY, BEFORE THEY DISMISSED RELATORS CLAIM, WHETHER OR NOT THE MERITS OF THE FACTUAL DISPUTE RESOLVED IN STATE COURT.

28 U.S.C. § 2254(D) APPLICATION FOR WRIT OF HABEAS CORPUS ON BEHALF OF A PERSON IN CUSTODY PURSUANT TO THE JUDGEMENT OF A STATE COURT SHALL NOT BE GRANTED WITH RESPECT TO ANY CLAIM THAT WAS ADJUDICATED ON THE MERITS IN THE STATE COURT PROCEEDINGS UNLESS THE ADJUDICATION OF THE RELEVANT CONSTITUTIONAL CLAIM BY THE STATE WRIT.

1) WAS CONTRARY TO FEDERAL LAW,

2) INVOLVED AN UNREASONABLE APPLICATION OF SUPREME COURT PRECEDENTS.

3) BASED ON AN UNREASONABLE DETERMINATION OF FACTS, IN LIGHT OF THE RECORD.

WHEN ADDRESSING THE MERITS OF A CLAIM PRESENTED IN A HABEAS CORPUS PETITION TO WHICH (AEDPA) APPLIES, A FEDERAL COURT MUST FIRST DETERMIN WHETHER THE CLAIM WAS ADJUDICATED ON THE MERITS IN THE STATE COURT. IF A PETITIONER HAS NOT MET HIS OR HER BURDEN UNDER SECTION §2254(d)(1) AND(2), OR THE STATE DID NOT ADJUDICATE THE CLAIM ON THE MERITS, DEFERENCE TO (AEDPA) IS "IN APPLICABLE" AND REVIEW IN THE DISTRICT COURT IS DE NOVO. PANETTI VS. QUARTERMAN, 851 U.S. 930, 963 (2007), TO WARRANT HABEAS CORPUS RELIEF, A PETITIONER MUST THEN ESTABLISH HARM OR PREJUDICE. DUE PROCESS IS VIOLATED BY THE STATE COURTS DENIAL, WITHOUT A HEARING ON THE MERITS, OF A PRISONER'S PETITION FOR HABEAS CORPUS WHERE THE PETITIONER ALLEGES THAT THE TESTIMONY OF THE ONLY WITNESS AGAINST THE PRISONER WAS PREJURED, AND, IF NO COMPETENT EVIDENCE REMAINS TO SUPPORT THE CONVICTION. UNITED STATES VS. AGURS, 422 U.S. 97, 102.

TO SHOW PREJUDICE AND THAT RELATER DID NOT RECEIVE A FAIR AND IMPARTIAL TRIAL, RELATOR PRESENTS THESE (15) FIFTEEN MOTIONS THAT WERE DENIED, WHICH ARE PART OF THE RECORD, BEING FILED BY COURT APPOINTED TRIAL COUNSEL GEORGE B. MACKEY, FILED IN CRIMINAL COURT NUMBER "THREE" TARRANT COUNTY, TEXAS. WHICH ARE:

1) DEFENDANTS MOTION TO INVOKE THE RULE, (TEX. RULES OF EVIDENCE RULE 614).

2) MOTION TO SUPRESS DEFENDANTS STATEMENT PURSUANT TO JACKSON VS. DENNO.

3) NOTICE OF REQUEST FOR 37.07, 38.072, 38.37 EVIDENCE, TEXAS CODE OF CRIM. PROC.; AND 404(b) AND 609(f) EVIDENCE TEXAS RULES OF EVIDENCE.

4) MOTION FOR THE APPOINTMENT OF A PRIVATE INVESTIGATOR. (THE ONLY MOTION GRANTED).

5) DEFENDANTS MOTION IN LIMINE,

6) MOTION FOR DISCOVERY AND INSPECTION OF EVIDENCE.

7) MOTION FOR PRODUCTION AND INSPECTION OF EVIDENCE AND INFORMATION WHICH MAY LEAD TO EVIDENCE, (BRADY VS. MARYLAND. 373 U.S. 83, 10 L.Ed. 2d 215, 83 S.CT. 1194).

8) MOTION FOR THE COURT TO DIRECT THE COURT REPORTER TO RECORD SPECIFIED TESTIMONY.

9) DEFENDANT'S WRITTEN OBJECTION TO ADMISSIBILITY OF EXTRANEOUS OFFEASES,

10) MOTION TO SUPPRESS OUTCRY STATEMENT OF ALLEGED VICTOM,

11) MOTION FOR VOIR DIRE OF EXPERT WITNESS,

12) DEFENDANT'S FIRST SUPPLEMENT MOTION IN LIMINE CONCERNING VOIR DIRE.

13) MOTION TO SUBMIT JURY QUISTIONNAIRE TO THE PANEL,

(14) DEFENDANTS MOTION TO REQUIRE THE PROSECUTION TO HAVE WITNESS STATEMENT AVAILABLE,

ALL MOTION HAVE NO ORDER SIGNED BY COURT GRANTING MOTIONS, IN EFFECT RELATORS COURT APPOINTED GAVE-UP AND ABANEDED RELATOR AND HIS CASE, TO DEMENSTRATE THIS FACT RELATOR PRESENTS THESE (5) FIVE MOTIONS THAT HES TRIAL COUNSEL WROTE-UP BUT DID NOT FILE BECAUSE OFTHE OTHER MOTIONS THAT WERE NOT GRANTED, FOR THESE REASONS TRIAL COUNSEL ABANDED REASONABLE TRIAL STRAEGTY AND ALLOWED RELATOR TO ENTER INTO AN INVOLUNTARY PLEA GREEMENT MAKING COUNSELS ASSISTANCE INEFFECTIVE.

SEE EXHIBITS B-1 THROU B-5; SEE ALSO STRICKLAND 166 U.S. AT 692; MICKENS VS. TAYLOR, 535 U.S. 162, 166 (2002) PREJUDICE PRESUMED WHEN ASSISTANCE OF COUNSEL DENIED ENTIRELY OR DURING A CRITICAL STAGE OF THE PROCEEDING. IN INTERPERTING THE PREJUDICE PRONG, THE SUPREME COURT HAS IDENTIFIED A NARROW CATEGORY OF CASES IN WHICH PREJUDICE IS PRESUMED: WHEN THERE HAS BEEN AN ACTUAL OR CONSTRUCTIVE DENIAL OF THE ASSISTANCE OF COUNSEL ALTOGETHER.

EMPHATICALLY, RELATOR WAS NOT AFFORDED AN ADEQUATE ENQUIRY TO DEVELOP OR SUPPORT LEGAL OR FACTUAL ISSUES, NOR HAVE A FULL AND FAIR CHANGE TO LITIGATE HES ISSUES RAISED IN HIS HABEAS CORPUS PETITION. SIMPLY, BY CONSEQUENCE OF THESE FACTS; INHERENTLY THERE IS SUBSTANTIAL INDICATION THAT THE STATE AND FEDERAL COURT'S ADJUDICATED THE CLAIM CONTRARY TO PROCEDURAL PRINCIPALS SPECIFICALLY, THE STATE COURT DID NOT ADJUDICATE RELATORS CLAIMS ON THE MERITS, BECAUSE RELATOR CLAIMS WAS NOT RIPE AND THE BARE RECORD WAS UNDEVELOPED, AND THE NESSARY INVESTIGATION ABANDONED, IN CONVICTING COURT, COLLATERAL REVIEW, AND THEN THE FEDERAL COURT.

THE TRIAL COURT AND THE FEDERAL COURTS FACTS AND CONCLUSION WERE NOT ACCURATE, THEY BASED THERE DESION WITHOUT REVIEWING METERAL EVIDENCE THAT WAS CLEAR THAT MANY CONSTITUTIONAL VIOLATIONS HAD ACCURED FROM THE ILEGAL PLEA TO THE PROSECUTAL MISCONDUCT AND, THE COURTS DENIED RELATOR RIGHT TO MATERAL EVIDENCE IN THE FORM OF DISCOVERY ALSO THE FEDERAL COURTS DENIED RELATOR (BEING INDIGENT) THE SAME DENIAL OF THESE RIGHTS. RELATOR ALSO RAISED INSUFFICENCY OF EVIDENCE CLAIM BY PROVING DEFECTIVE CHARGING INSTREMENT AND WITHHOLDING EVIDENCE HELPFUL TO THE ACCUSED, AND PROSECUTRAL MISCONDUCT THE FACTS ARS SUBSTATIANTED BY DOCUMENTED EVIDENCE SENT WITH INITIAL WRIT OF HABEAS CORPUS PRSUANT § 11.07 AS EXHIBITS.

FURTHER RELATOR COULD HAVE PROVEN ALL ALLEGATIONS WITH THE REQUESTED DISCOVERY FROM STATE AND FEDERAL COURTS, HOWEVER, THE FEDERAL AND STATE COURTS ARE CLEARLY WRONG TO DENY THAT THE CLAIMS HAD NOT BEEN FAILY PRESENTED TO THE STATE COURT THEN APPLIED AN INADEQUATE "PROCEDURAL BAR", PRIRE TO THE PROCEDURAL BAR "TIME BARRED" BY THE FEDERAL COURT ABUSED IT'S DISCRECTION BECAUSE WHEN FEDERAL COURT ORDERED STATE COURT TO ANSWER RELATORS WRIT ON IT'S MERITS. SEE EXHIBIT (5) WHICH WAS DUE 60 DAYS AFTER ORDER, WHICH RESPOND AND RECIVED A EXTENTION OF TIME, AND STILL NO ANSWER ON THE MERITS OF THE WRIT WAS GIVEN RELATOR FILED AN MOTION FOR "DECLARATION FOR ENTERY OF DEFAULT," AGAINST RESPONDENT FOR NONCOMPLIANCE WITH THE FEDERAL COURT ORDER.

EXHIBIT (7) SHOWS THAT FEDERAL COURT YET AGAIN ABUSED IT'S DISCRECTION ONCE AGAIN BE DENYING A PROPERLY FILED MOTION WHICH WAS ACCREACED IN IT'S LANGUAGE AND SHOULD HAVE BEEN GRANTED IN FAUOER OF RELATOR. SEE LAST PAGE OF FINAL JUDGMENT.

THUS CAUSEING AN INADEQUATE REVIEW AND DENYING RELATOR DUE PROSS AND EQUAL PROTECTION UNDER THE LAW. IT IS A VIOLATION OF DUE PROCESS FOR THE STATE TO USE PRE JURY PROSECUTORAL MISCONDUCT, AND FABRICATED WITNESS STATEMENTS TO GAIN A CONVICTION.

LIKEWISE TO ALLOW A CONVICTION TO STAND WHEN THE ISSUES PRESENTED WERE REVEAL; ESPECIALLY WHEN NO OTHER COMPAINT EVIDENCE EXISTS. THE FEDERAL COURTS DECISION TO DISMISS RELATORS HABEAS CORPUS PETITION, WAS ARBITRARY AND ERRONEOUS, BECAUSE RELATOR GAVE THE FEDERAL COURT SUFFICIENT NOTICE THAT HIS CLAIM WAS NOT FULLY DEVELOPED, BECAUSE OF GOVERNMENT IMPEDIMENTS, AND PLEADED FOR THEIR ASSISTANCE TO HELP HIM FULLY DEVELOP HIS CLAIMS RAISED, SO THAT HIS DUE PROCESS RIGHT WOULD NOT BE VIOLATED, AND HIS ISSUES RAISED CAN BE DECIDED ON THEIR MERITS. INSTEAD OF DISMISSING RELATORS CLAIMS, THE DISTRICT COURT SHOULD HAVE ADHERED TO PROCEDURAL PRINCIPAL, AND SUPREME COURT PRECEDENTS, AND FASHIONED APPROPRIATE PROCEDURES AND ENSURED RELATORS A FULL AND FAIR HEARING TO DETERMINE JUST AND RELIABLE FACTS, SO RELATOR ISSUES RAISED COULD BE JUDGED ON THEIR MERITS, BY REQUISITE OF LAW.

THE FEDERAL DISTRICT SHOULD HAVE ALSO CONSIDERED WHETHER RELATER WAS DILIGENT WITH RESPECT TO DEVELOPING HIS FACTS ASSERTED IN HIS APPLICATION. 28 U.S.C. §2254(e)(2) DECLARES WHERE A HEBAS PETITIONER HAS FAILED TO FULLY DEVELOP THE FACTUAL BASES OF HIS CLAIMS IN STATE COURT, HE IS PRECLUDED FROM FUTHER FACTUAL DEVELOPMENT IN FEDERAL COURT UNLESS, HIS CLAIM RELY ON A NEW RULE OF CONSTITUTIONAL LAW OR A FACTUAL PREDICATE PREVIOSLY UNDISCOVERABLE THROUGH THE EXERCISE OF DUE DILIGENCE. McQUIGGENS, 133 S. CT. 1924, 1928 (2013) SEE ALSO FINAL JUDGMENT EXHIBIT (B) EIGHT, AT PAGE (5) FIVE, LINES (1) ONE TO (12) TWELVE.

AN EVIDENTRY HEARING IS AUTHORIZED UNDER RULE 8 OF THE RULES GOVERNING §2254 CASES FOR THE DEVELOPMENT OF A COLORABLE CLAIM WHEN THE STATE COURT HAS NOT RELIABLY FOUND THE RELEVENT FACTS OF THE CLAIM, IF PROVEN, WOULD ENTITLE THE PETITIONER FOR RELEASE. HOWEVER PURSUANT TO SECTION 2254(e)(2). A FEDERAL COURT MAY NOT HOLD A HEARING UNLESS IT FIRST DETERMINES THAT THE PETITIONER EXERCICED "DILIGENCE" IN TRYING TO DEVELOP THE FACTUAL BASES OF THE CLAIM IN STATE COURT. WILLIAMS VS. TAYLOR, U.S. 420, 435.

DILIGENCE FOR PURPOSE OF THE OPENING CLAUSE DEPENDS UPON WHETHER THE PRISONER MADE A REASONABLE ATTEMPT, IN LIGHT OF THE INFORMATION AVAIBLE AT THE TIME TO INVESTIGATE AND PURSUE CLAIMS IN STATE COURT. Ibid. 435. IF THERE HAS BEEN NO LACK OF DILIGENCE AT THE RELEVANT STAGES IN THE STATE PROCEEDING, THE PRISONER HAS NOT "FAILED" TO DEVELOP" THE FACTS UNDER §2254(e)(2) OPENING CLAUSE AND HE WILL BE EXCUSED FROM SHOWING COMPLIANCE WITH THE BALANCE OF THE SUBSECTION REQUIRED, TO THIS DAY RELATOR IS STILL UNABLE TO GET COPY'S OF RELEVENT DOCUMENTS NEED TO PERFECT IS WRIT OF HABEAS CORPUS.

## PRAYER

RELATOR THAT THIS HONORABLE COURT CONSIDERS ALL PRIMISES IN THIS WRIT OF MANDAMUS, AND GRANTS RELIEF TO RELATOR, FOR THE REASONS STATED IN THE BEFORE MENTION PAGES AS A WHOLE.

## CERTIFICATE OF SERVICE

I RICHARD BROWN, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF FOREGOING HAS BEEN SENT TO THE AUSTIN DIVION COURT OF APNEALS, ADDRES SUPREME COURT BLDG. RM. 106, 201, 14TH ST. P.O. BOX 12308. AUSTIN SENT BY U.S. REGULAR MAIL.

EXECUTED ON THE 7 DAY September 2015.

*Richard Brown*
SIGNITURE

## NO. 1250248

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## OBJECTIONS TO THE COURT'S CHARGE AT GUILT-INNOCENCE

COMES NOW, RICHARD BROWN, Defendant in the above styled and numbered cause, after both sides have rested and closed the evidence at the guilt-innocence phase of the trial and before the Court's charge has been read to the Jury and submits these his objections to the Court's proposed charge as follows:

### I.

The Charge fails to contain an instruction to the jury on the law of extraneous offenses and under what circumstances and for what specific purposes they may be considered by the jury.

SUSTAINED _____

OVERRULED _____

### II.

The Court's charge fails to include an instruction to the definition of beyond a reasonable doubt.

SUSTAINED _____

OVERRULED _____

ENTRAPMENT

III.

The Court's charge fails to include the defensive issue, raised by the evidence, of the law of voluntariness of the act, Texas Penal Code Section 6.01(a) or to apply the same law to the facts of this case so as to instruct the jury thereon.

SUSTAINED _____

OVERRULED _____

IV.

The charge fails to instruct the jury upon the lesser included offense of assault by contact, Texas Penal Code Section 22.01(a)(3), although the same is raised by the evidence herein.

SUSTAINED _____

OVERRULED _____

V.

There    is    insufficient    evidence    to    warrant    submission    of    a    charge    of _____ herein and Defendant therefore objects to said issue being submitted to the jury.

SUSTAINED _____

OVERRULED _____

GEORGE B. MACKEY
101 Summit Avenue, Suite 318
Fort Worth, TX  76102
817-336-1008
817-336-5437 Fax
SBN 1279500
ATTORNEY FOR DEFENDANT

## ORDER

Both sides having rested and closed and Defendant having presented the above and foregoing Objections to the Court's Charge prior to its reading to the jury at the guilt-innocence phase of the trial and the court hereby enters its orders on said objections as reflected above to which Defendant has his exceptions in open court on those matters which have been overruled and as to those matters sustained said matters are hereby ordered to be incorporated in said charge.

Signed this the _____ day of _____, 2012.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

I hereby certify that on the _____ day of _____, 2012, a true and correct copy of the above and foregoing Objections was delivered to the Assistant District Attorneys of Tarrant County, Texas who are handling this case.

_____
GEORGE B. MACKEY

## NO. 1250248

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## O R D E R

On _____, 2012, came on to be considered RICHARD BROWN's

Motion to Suppress the Forensic Interview of the Child With C.P.S., Alliance For Children, Or

Other Law Enforcement Agency, and said motion is hereby

(Granted)  (Denied)

_____

JUDGE PRESIDING

## NO. 1250248

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## <u>MOTION TO INSTRUCT VENIREMAN AND JURORS TO NOT DISCUSS OR RESEARCH USING THE INTERNET OR ELECTRONIC DEVICES OR TO SEIZE SAID DEVICES</u>

Motion No. 16

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes RICHARD BROWN, Defendant, in the above-styled and numbered cause, by and though his attorney of record, GEORGE B. MACKEY, and respectfully requests this Court to instruct venireman and jurors to not discuss or research using the internet or electronic devices and that this Court seize any hand-held devices. In support hereof, the defendant would show:

### I.

The Defendant has a right under the Due Process clause of the United States Constitution and the Texas Constitution to a fair and impartial jury that is free from outside information, and disseminating facts and/or information concerning the case to those not on the jury.

### II.

The Defendant would show that most Americans have access to the Internet including social networks, such as Facebook, MySpace, Twitter, Yahoo, Hotmail, Google, and/or using their cell phones, lap tops, and desktops.

### III.

The Defendant requests the Court to instruct the jury panel and the jurors not to use the Internet to investigate or otherwise obtain information by way of research regarding any issue in the case nor to disseminate any information about the case to any person specifically, but not limited to Facebook, MySpace, Twitter or any other online social network.

### IV.

The Defendant further requests that the Court during deliberations seize from all jurors all electronic communication devices such as phones (*e.g.*, iPhone or Blackberry), iPods, sidekicks, laptops, and/or notebooks.

## V.

The Defendant further requests that the Court ensure that the jurors do not have internet access while sequestered in a hotel during deliberations.

## VI.

The Defendant further requests that the Court give the following instruction:

"You are instructed that the only evidence that you can consider is the testimony and the evidence that comes from the witness stand. This simply means that you can only consider the answers a witness gives in response to questions and any evidence, such as written documents, that is admitted into evidence for your consideration.

In times past, jurors have researched issues involved in their cases from outside sources, such as the internet, reference books, and friends or family members. This is absolutely prohibited.

The rule is simple. You are not to discuss the facts of this case with anyone nor do any independent research and when you deliberate, you must only consider the testimony given by witnesses and evidence introduced during trial."

**WHEREFORE, PREMISES CONSIDERED,** RICHARD BROWN prays that this Honorable Court grant this his motion to instruct venireman and jurors to not discuss and/or research any issue involving this trial using the internet or electronic devices, to seize said devices, and limit juror access to the internet while sequestered.

Respectfully submitted,

George B. Mackey
101 Summit Avenue, Suite 318
Fort Worth, Tx 76102
Tel: (817) 336-1008
Fax: (817) 336-5437

By:_____
    GEORGE B. MACKEY
    State Bar No. 12779500
    Attorney for RICHARD BROWN

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2012, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tarrant County, Texas, by hand delivery.

_____
GEORGE B. MACKEY

## NOTICE OF HEARING

This matter is to be heard by the Judge of Criminal District Court Number Three of Tarrant County, Texas, on the _____ day of _____, 2012, at _____ __.m.

_____
GEORGE B. MACKEY

## NO. 1250248

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## ORDER

On _____, 2012, came on to be considered RICHARD BROWN's

Motion To Instruct Venireman and Jurors To Not Discuss Or Research Using The Internet or

Electronic Devices Or To Seize Said Devices. and said motion is hereby ..

(Granted)   IT IS THEREFORE ORDERED that the jury shall be instructed that they cannot use any electronic communication devices during the trial to discuss, research, or disseminate any information regarding evidence produced or testimony presented.

IT IS FURTHER ORDERED that the Bailiff shall seize all electronic communication devices from the jurors during deliberation.


(Denied) to which the Defendant excepts.




_____
JUDGE PRESIDING

**NO. 1250248**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## MOTION TO SUPPRESS THE FORENSIC VIDEO INTERVIEW OF THE CHILD WITH C.P.S. , ALLIANCE FOR CHILDREN, OR OTHER LAW ENFORCEMENT AGENCY

Motion No. _____

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes RICHARD BROWN, Defendant, and files this Motion To Exclude the Forensic Interview of the Child in this cause, and in support would show:

1.     Statements to Forensic Investigators violate the Defendant's right to confrontation and cross-examination under the United States Constitution, 6th Amendment and the Texas Constitution, Article I, Section 19, and **Crawford v. Washington**, 124 S.Ct. 1354; 541 U.S. 36, (2004).

2.     Where a child describes past events during an interview with a forensic interviewer and there is no on-going emergency being addressed in the interview, the resulting statement should be deemed testimonial. Here the videotaped interview of the child was watched outside the interview room by the investigating Detective, and spoke with the Forensic Interviewer during the child's interview in order to extract other evidence.

3.     Where a collateral source reports past criminal behavior by the defendant to an organization statutorily required to investigate such complaints (in this case, Child Protective Services and the Fort Worth Police Department) and where the record contains no evidence that

the contact served anything other than an investigative purpose, the statements will be found to be *testimonial*. **Wells v. State**, 241 S.W.3d 172, 175-76 (Tex. App.–Eastland 2007, pet. ref'd)

4.      Interviews of the alleged injured party and video/audio of same by caseworkers with Alliance for Children and/or Child Protective Services, or other law enforcement agency, constitute inadmissible evidence under the grounds stated in this motion.

5.      The interview of the alleged victim by the forensic interviewer was improperly suggestive. Repetition of questions designed to elicit answers favorable to the prosecution constitutes improper suggestibility, as well.

6.      Defendant requests the Court to suppress the forensic interview of the child in this case.

**WHEREFORE, PREMISES CONSIDERED,** RICHARD BROWN prays that the Court exclude the forensic interview of the child as requested.

Respectfully submitted,

George B. Mackey
101 Summit Avenue, Suite 318
Fort Worth, Tx 76102
Tel: (817) 336-1008
Fax: (817) 336-5437

By:_____
GEORGE B. MACKEY
State Bar No. 12779500
Attorney for RICHARD BROWN

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2012, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tarrant County, Texas, by hand delivery.

_____
GEORGE B. MACKEY

## ORDER FOR A SETTING

On _____, 2012, the Defendant filed a Motion to Suppress the Forensic Interview of the Child With C.P.S., Alliance For Children, Or Other Law Enforcement Agency. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, 2012, at _____.

Signed on _____, 2012.

_____
JUDGE PRESIDING

**NO. 1250248**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

**MOTION TO SUPPRESS TESTIMONY OF CHILD WITNESS**

Motion No. _____

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes RICHARD BROWN, Defendant, and moves the Court to dismiss the indictment in this cause, or in the alternative to suppress the testimony of the alleged child victim and for cause would show the Court as follows:

**I.**

Defendant is charged in this cause by indictment alleging eleven counts involving sexual abuse of Defendant's niece, age 8, alleged to be the victim. The State will most likely seek to introduce the testimony o the alleged victim in the trial of this cause.

**II.**

The indictment arose from an investigation conducted by the Fort Worth Police Department, Texas Department of Human Services, Alliance For Children, and other agencies of the State unknown to the Defendant. During these investigations, the alleged child victim was repeatedly interviewed by representatives of those agencies. During all of the interviews, notes were taken of the questions asked and the responses of the witness. Some of the interviews were videotaped and otherwise recorded. The recordings of the interviews contain inconsistent statements of the witness.

**III.**

The techniques used in these interviews were inherently suggestive in that the child witness was repeatedly questioned by adult authority figures in a leading and suggestive manner. The cumulative effect of the repeated suggestive interviews was to taint the memory of the child witness, a phenomenon known as secondary gain. (See attached affidavit). Secondary gain, in effect, substitutes the knowledge implanted in the child's memory by the suggestive interviews for the child's memory of the actual event. The inconsistencies in the taped statements and other statements of the child indicate a substantial likelihood that secondary gain has occurred. There further exists a substantial risk the testimony of the alleged child victim s now irreparably tainted and the facts that the child will elate in their testimony at trial will be the result of the suggestive interrogation rather than the child's accurate recollection of the events. The process is irreversible and a fair trial cannot be had if the testimony of the alleged child victim is presented.

**IV.**

Because the State's action in this case has rendered a fair trial impossible Defendant's right to due process guaranteed by the Fourteenth Amendment of the Constitution of the United States and right to due course of law guaranteed by Art. 1 Sec. 19 of the Texas Constitution has been violated.

**V.**

Since the State's case rests almost entirely on the testimony of the child, the only meaningful remedy would be dismissal of the indictment herein or in the alternative suppression of the testimony of the child and all statements made by the witnesses which are shown to be the result of the improper investigative technique.

# MEMORANDUM

A. <u>Due process.</u>

The Courts have long recognized that improper interview techniques by law enforcement in the context of lineups and photo lineups may be so impermissibly suggestive as to lead to a substantial likelihood of misidentification. Such procedures, therefore render the testimony of the identification witness so untrustworthy that introduction of the evidence constitutes a violation of the due process clause of the Fourteenth Amendment of the United States Constitution. <u>See</u>, <u>Foster v. California</u> 394 U.S. 440 (1969); <u>Stovall v. Denno</u>, 388 U.S. 293 (1967).

Recently, in <u>Ex Parte Bradley</u>, 781 S.W.2d 886 (Tex.Crim.App. 1989), the Court of Criminal Appeals observed that improper investigative techniques in contexts other than identification procedures may so affect the trustworthiness of the proceeding as to constitute a violation of the due process clause of the Fourteenth Amendment and the due course of law clause of Article 1 Sec. 19 of the Texas Constitution. <u>Ex Parte Bradley,</u> at 891 of 781 S.W.2d.

While studies on the effect of improper interview techniques of child witnesses are a recent innovation, their conclusions indicate a real danger of irreparable damage to the child victim's ability to relate accurately the occurrences in question. Psychologist experienced in the field can evaluate the impact of investigative techniques on the memory of a child. The social sciences have begun to recognize the phenomenon of secondary gain which amounts to the substitution of facts learned during the interview process for those observed by the child at the time of the event in question. The process renders the child incapable of accurately remembering the event in question.

B. Suggested procedure.

Another analogous phenomenon which has been dealt with by the courts is the hypnosis of a witness in an attempt to aid recall. In Zani v. State, 758 S.W.2d 233 (Tex.Crim.App. 1988), the Court of Criminal Appeals dealt directly with the issue of the admissibility of a witness' testimony after hypnosis. The opinion reviewed the opinion of other courts and scientific literature on the subject of hypnosis and noted the dangers associated with the use of the procedure on witnesses in an attempt to enhance their memory of an event. Generally, the noted dangers can be categorized as follows:

1.  Hypersuggestibility. The witness is extremely susceptible while under hypnosis to suggestion of facts which the witness later recalls as having actually occurred. Often this may be the result of the witnesses compelling desire to please the interviewer by "remembering" facts suggested by the interviewer.

2.  Loss of critical judgment. The witness loses his critical judgment and causes him to give credence to memories so vague and fragmentary they would not have relied on them before being hypnotized.

3.  Confabulation.Neither the subject nor the interviewer can distinguish between real memories and "pseudomemories" arising from various causes including the two described above. Even after the interview ends the subject remains unable to distinguish between true memories and confabulation.

4.  Memory "cementing".The witness becomes much more sure of a vague memory after the session. Often the memory of the witness becomes enhanced by suggestion occurring during the session and the subject then can not distinguish his actual memory from his memory acquired during the session. He becomes more sure of his recollection because of the enhancement supplied by the session.

Zani v. State, at 237-238 of 758 S.W.2d.

The Zani Court did not discuss the admissibility of the testimony of a witness who has been previously hypnotized in the context of due process but instead analyzed its admissibility in light of a defense objection that "there is no proper basis for permitting such testimony as a matter of scientific reliability". Zani v. State, at 235 of 758 S.W.2d. In light of the foregoing

recognized uncertainties of posthypnotic testimony the Court fashioned a rule for admissibility to protect the integrity of the fact finding process. The Court held:

> "We conclude that because of the uncertainties inherent in posthypnotic testimony it is appropriate to require the proponent of such testimony to demonstrate to the satisfaction of the trial court, outside the jury's presence, by clear and convincing evidence, that such testimony is trustworthy."

Zani v. State at 243 of 758 S.W.2d.

The analogy is clear. The danger of secondary gain resulting from improper questioning of a child witness is very much like the outlined dangers associated with hypnotically enhanced testimony. Defendant urges that a similar burden be placed on the State to establish the reliability of the testimony of the child once it has been established that the improper questioning has occurred. In the instant case expert testimony will establish the suggestiveness of the procedures used.

**WHEREFORE,** Defendant prays that upon final hearing of this motion that the Court dismiss the indictment herein or in the Alternative suppress the testimony of the alleged child victim as well as any statements made by _____, concerning the subject matter of the indictment and instruct the state not to seek to introduce the suppressed evidence in any manner at the trial of this cause.

Respectfully submitted,
George B. Mackey
101 Summit Avenue, Suite 318
Fort Worth, Tx 76102
Tel: (817) 336-1008
Fax: (817) 336-5437

By:_____
    GEORGE B. MACKEY
    State Bar No. 12779500
    Attorney for RICHARD BROWN

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion was hand delivered to the District Attorney of Tarrant County, Texas on this the _____ day of March, 2012.

_____
GEORGE B. MACKEY

## NO. 1250248

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## MOTION TO SUPPRESS SANE NURSE TESTIMONY SINCE SUCH EVIDENCE VIOLATES CRAWFORD V. WASHINGTON / MELENDEZ-DIAZ AND VIOLATES KELLY V. STATE FOR RELEVANCE AND RELIABILITY

Motion No. _____

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes RICHARD BROWN, Defendant, and files this Motion To Suppress SANE Nurse Testimony Since Such Evidence Violate Crawford V. Washington/Melendez-Diaz And Violates Kelly V. State For Relevance And Reliability, and in support would show:

1. Statements made to medical personnel may be testimonial hearsay depending on the context of the statement. **De La Paz v. State**, 273 S.W.3d 671, 680 (Tex.Crim.App. 2008). Where a child describes past events during an interview with a forensic interviewer and there is no on-going emergency being addressed in the interview, the resulting statement will be deemed **testimonial.**

2. The admission of the testimony of the SANE nurse at Cook Children's Hospital as to what the alleged victim said as "medical history" and the nurse's opinion that sexual abuse has occurred after normal results of the physical examination for sexual assault of the alleged child victim is not relevant and reliable under **Kelly v. State**, 824 S.W.2d 568 (Tex.Crim.App. 1991).

3. The opinion from the SANE nurse is not credible or reliable since such evidence is "junk science". Credible evidence would dictate that sexual intercourse would leave indelible

signs of sexual activity such as stretching, scarring, and ruptured tissue of the vaginal and anal area. Since the physical examination of the alleged child victim shows no evidence of sexual assault, to allow a witness that it is her opinion that sexual abuse has occurred must necessarily rely solely upon the medical history of sexual abuse having occurred. Such evidence is hearsay and a denial of the Defendant's right to cross-examine and confront the witness since there was no contemporaneous cross-examination at the time the medical history was taken.

4.     Since the opinion by the nurse is based on the hearsay statements of the alleged victim taken as medical history for trial purposes, and therefore testimonial under **Crawford v. Washington**, 124 S.Ct. 1354, 541 U.S. 36 (2004), the Defendant's right to confront and cross-examine the witnesses against him under the Sixth Amendment of the U.S. Constitution and Article I, Section 10 Texas Constitution is violated.

5.     As an attempt to offer the evidence under an exception to the hearsay rule for medical diagnosis and treatment is analogous to the business records exception when used for the production of evidence at trial.

*"Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status. Fed. R. Evid. 803(6). But that is not the case if the regularly conducted business activity is the production of evidence for use at trial."*

The SANE nurse is part of the prosecution/law enforcement team whose sole purpose is to obtain evidence of a testimonial nature to be used at trial.

6.     In this case the hearsay exception as medical records is for the sole purpose of production of evidence for use at trial and is therefore not admissible.

7. Here the purpose of the creation of the records and alleged medical testimony is solely for trial purposes.

*"The Sixth Amendment of the United States Constitution, made applicable to the States via the Fourteenth Amendment, provides that in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him. In Crawford v. Washington, the United States Supreme Court held that the Sixth Amendment guarantees a defendant's right to confront those who bear testimony against him."*

**WHEREFORE, PREMISES CONSIDERED,** RICHARD BROWN prays that the Court grant this motion as requested.

Respectfully submitted,

George B. Mackey
101 Summit Avenue, Suite 318
Fort Worth, Tx 76102
Tel: (817) 336-1008
Fax: (817) 336-5437

By:_____
    GEORGE B. MACKEY
    State Bar No. 12779500
    Attorney for RICHARD BROWN

## CERTIFICATE OF SERVICE

This is to certify that on _____, 2012, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Tarrant County, Texas, by hand delivery.

_____
GEORGE B. MACKEY

## ORDER FOR A SETTING

On _____, 2012, the Defendant filed a Motion to Exclude SANE Nurse Opinion of Sexual Abuse. The Court finds that the party is entitled to a hearing on this matter, and it is THEREFORE ORDERED that a hearing on this motion is set for _____, 2012, at _____.

Signed on _____, 2012.

_____
JUDGE PRESIDING

## NO. 1250248

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN CRIMINAL DISTRICT COURT |
| | § | |
| vs. | § | NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## ORDER

On _____ , 2012, came on to be considered RICHARD

BROWN's Motion To Exclude SANE Nurse Testimony, and said motion is hereby

(Granted)  (Denied)

_____

JUDGE PRESIDING

EXHIBIT-15-A

FILED
TARRANT COUNTY
2014 JUN 20 PM 12:59
THOMAS A. WILDER
DISTRICT CLERK

NO. 1250248D

| STATE | § | IN THE CRIMINAL DISTRICT |
| | § | |
| V. | § | COURT NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## STATE'S REPLY TO DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

COMES NOW, the State of Texas, by and through the Criminal District Attorney of Tarrant County, Texas, makes this reply to the defendant's request for appointment of counsel for a post-conviction DNA testing, and in support shows the following:

### I.      STATEMENT OF THE CASE

The defendant, RICHARD BROWN ("Defendant"), pled guilty, pursuant to a plea agreement, to the second degree felony offense of indecency with a child by contact on June 20, 2012. *See* Attachment A: Judgment, No. 1250248D. In accordance with the plea agreement, the trial court sentenced Defendant to eleven years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Attachment A.

Defendant did not appeal his conviction. *See* Criminal Docket Sheet, No. 1250248D.

### II.      THERE IS NO EVIDENCE TO BE TESTED

Pursuant to art. 64.02 of the Texas Code of Criminal Procedure, the State denies that evidence exists that might contain biological material. *See* Attachment B: Stimpson Affidavit; Attachment C: Arthurs Affidavit. The only evidence collected was Defendant's buccal swab. *See* Attachment C, p. 3.

1





### III. BECAUSE THERE IS NO EVIDENCE TO BE TESTED, THERE IS NO NEED FOR APPOINTMENT OF COUNSEL.

Defendant filed his request for appointment of counsel on July 16, 2013.[1] Counsel is only required to be appointed "if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." Tex. Code Crim. Proc. Ann. art. 64.01(c).

There is no need to appoint Defendant counsel because there is no evidence, other than Defendant's own buccal swab, to test. *See* Attachment B; Attachment C. There are no reasonable grounds for a motion to be filed.

### IV. CONCLUSION AND PRAYER

Because there is no evidence to test for DNA, there are no reasonable grounds for a motion for DNA testing. Defendant's request for appointment of counsel should be **DENIED**.

WHEREFORE, PREMISES CONSIDERED, the State prays the Court **DENY** Defendant's request for appointment of counsel.

Respectfully submitted,

JOE SHANNON, JR.
Criminal District Attorney
Tarrant County, Texas

Andréa Jacobs
Assistant District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:          817/884-1687
Facsimile:      817/884-1672

---

[1] The State received Defendant's request for counsel on May 23, 2014.

2

## CERTIFICATE OF SERVICE

A true copy of the above reply has been mailed to the defendant, Mr. Richard Brown, TDCJ-ID# 01794390, Lynaugh Unit, 1098 S. Highway 2037, Fort Stockton, Texas 79735 on the 20th day of June, 2014.

Andréa Jacobs

EXHIBIT (1)

7

# AFFIDAVIT

Before me, the undersigned authority, personally appeared **Thomas A. Stimpson**, who being by me duly sworn, deposed as follows:

My name is **Thomas A. Stimpson,** I am of sound mind, capable of making this affidavit, and am personally acquainted with the facts herein stated. I am the property/evidence custodian for _____ Fort Worth Police Department Forensic Crime Lab_. I have thoroughly searched for any property or evidence relating to our Offense Report No. 11-072200 - Aggravated Sexual Assault of a Child - Defendant: Brown, Richard, which might contain biological evidence and have found the following stated facts to be true and correct:

Our records indicate that the Fort Worth Police Department Forensic Crime Lab was never in possession of any evidence relating to the above case/cause number.

Further affiant sayeth naught.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on this the 19ᵗʰ day of _____June_____, 2014.

_____
Notary Public, State of Texas

My commission expires: 8-19-2014

PENNY MACY ALVIS
My Commission Expires
August 19, 2014

- 1 -

B

# AFFIDAVIT

Before me, the undersigned authority, personally appeared _____

___ BRUCE ARTHURS, who being by me duly sworn, deposed as follows:

My name is ___ BRUCE ARTHURS ___, I am of sound mind, capable of making this affidavit, and am personally acquainted with the facts herein stated. I am the property/evidence custodian for _ Fort ___ Worth ___ Police Department Property Room. I have thoroughly searched for any property or evidence relating to our Offense Report No. 11-072200 - Aggravated Sexual Assault of a Child - Defendant: Brown, Richard, which might contain biological evidence and have found the following stated facts to be true and correct:

_____ All evidence relating to the above case number was destroyed on _____.

_____ Documentation of evidence destruction attached.

_____ Documentation of evidence destruction is not available.

_____ Our records indicate that our agency was never in possession of any evidence relating to the above case/cause number.

X ___ Evidence or property exists relative to the above case number that might contain biological evidence. An evidence list is attached;

-1-

EXHIBIT (2)

9

_____ Our records indicate that our agency is in possession of property or evidence relative to the above case/cause number; however, it cannot be located.

_____ Our records indicate all evidence relating to the above case/cause number was released to: _____ on _____.

Further affiant sayeth naught.

_____
Affiant

SWORN TO AND SUBSCRIBED before me on this the 27th day of May , 2014.

_____
Notary Public, State of Texas

J. P. POLLARD
Notary Public
STATE OF TEXAS
My Comm. Exp. Dec. 22, 2015

My commission expires: 12-22-15

- 2 -

COPY                                                                    10

☐ Homicide   ☐ SOD   ☐ Sexual Assault   ☑ Fraud   ☑ Other:CACU

| Property |
| --- |
| ☑ Evidence   ☐ Recovered   ☐ Pending Seizure   ☐ Personal |

**Offense/Incident**

| Report # / Supplement:<br>110072200 / 0002 | Offense Type:<br>Agg. Sex. Ass/Child | Location: |
| --- | --- | --- |
| Reported Stolen on Report #: | | Agency: FWPD |
| Submitted By Officer:<br>1877 - EZELLE,B | Unit:<br>CACU | Date/Time:<br>07/26/2011 11:29 |

**Person Summary**

| Invl | Name | | Race | Sex | DOB |
| --- | --- | --- | --- | --- | --- |
| SUS | BROWN,ROBERT | | B | M | |

**Items Submitted**

| Item # | Invl | Value | Brand | Desc. / Model (ARTICLES) | Serial # | Location |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | EVD | | | Buccal taken from Richard Brown, suspect. | | |

**Property Room Instructions/Comments About Evidence**

Suspect's correct name is Richard Brown, a black male date of birth 12-08-60.

**Stamp**

**Property Room**

| Received By (Name/IDNO): | | Date/Time: |
| --- | --- | --- |
| Tag #: **110009211** | Offense #: **110072200** | |

3X

CHAIR
  JOAL CANNON SHERIDAN

VICE CHAIR
  MARVIN W. JONES

MEMBERS
  ROBERT A. BLACK
  DAVID A. CHAUMETTE
  JEANNE C. "CEZY" COLLINS
  JACK R. CREWS
  RAMON L. ECHEVARRIA II
  GARY R. GURWITZ
  ROLAND K. JOHNSON
  DAVID N. KITNER
  KATHY J. OWEN
  GEORGE A. TAYLOR

EXECUTIVE DIRECTOR & GENERAL COUNSEL
CHRISTINE E. MCKEEMAN

DEPUTY DIRECTOR/COUNSEL
GAYLE RILEY VICKERS

EXECUTIVE ASSISTANT
JACKIE L. TRUITT

# THE BOARD OF DISCIPLINARY APPEALS
### APPOINTED BY THE SUPREME COURT OF TEXAS

November 20, 2014

Richard Brown
#1794390, Lynaugh Unit
1098 S. Hwy. 2037
Fort Stockton, TX  79735

> RE:  Disposition of Appeal Notice
> Richard Brown  v. George B. MacKey
> 201405559; BODA Case No. 55175

Dear Mr. Brown:

On November 20, 2014, the Board of Disciplinary Appeals appointed by the Supreme Court of Texas considered your appeal from the dismissal of the above grievance by the Office of the Chief Disciplinary Counsel of the State Bar of Texas. After reviewing the grievance as filed with the State Bar Chief Disciplinary Counsel's office and no other information, the Board grants the appeal, finding that the grievance alleges a possible violation of the following Texas Disciplinary Rules of Professional Conduct:

Rules(s) 1.03; 1.14; 1.15

The Board of Disciplinary Appeals will now return the case to the Office of the Chief Disciplinary Counsel for investigation and a determination whether there is just cause to believe that the attorney has committed professional misconduct. The Office of the Chief Disciplinary Counsel will notify both parties of each step of the process, including asking the attorney to respond to the complaint. For information concerning the handling of the case from this point forward, please contact the regional Office of the Chief Disciplinary Counsel in charge of your case.

Information concerning the disciplinary system, the Texas Disciplinary Rules of Professional Conduct, and the Texas Rules of Disciplinary Procedure are available at www.texasbar.com. The Board's Internal Procedural Rules are available at www.txboda.org.

Very truly yours,

Christine E. McKeeman
Executive Director & General Counsel

CEM/jt

cc:    George B. MacKey

Laura Popps
State Bar of Texas
PO Box 13287
Austin, TX 78711
(512) 427-1350
(877) 953-5535 toll free

EXHIBIT (3)

NAME  RICHARD BROWN

ADDRESS   4012 EASTOVER ST

          FORT WORTH TX 76119

RACE B  SEX M  AGE 50  DOB 12/8/1960

CASE NO. 1250248  DATE FILED    8/12/2011

CID NO.   0383978

---

OFFENSE  SEXUAL ASLT CHILD (AGG)

DATE  7/8/2011            Habitual

I.P. ANN COLEMAN PSEUDONYM

AGENCY  Fort Worth PD

OFFENSE NO. 11-072200

COURT Criminal District Court No. 3

---

INDICTMENT NO. 1250248

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

**THE GRAND JURORS OF TARRANT COUNTY, TEXAS,**

duly elected, tried, empaneled, sworn, and charged to inquire of offenses committed in Tarrant County, in the State of Texas, upon their oaths do present in and to the

of the said County that RICHARD BROWN, hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 8th day of July 2011, did

THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE ANUS OF ANN COLEMAN (A PSEUDONYM), A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE PENIS OF THE DEFENDANT,

COUNT TWO:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE ANUS OF ANN COLEMAN (A PSEUDONYM), A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE PENIS OF THE DEFENDANT,

COUNT THREE:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE ANUS OF ANN COLEMAN (A PSEUDONYM), A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE PENIS OF THE DEFENDANT,

COUNT FOUR:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE ANUS OF ANN COLEMAN (A PSEUDONYM), A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE PENIS OF THE DEFENDANT,

COUNT FIVE:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE MOUTH OF ANN COLEMAN (A PSEUDONYM), A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE PENIS OF THE DEFENDANT,

COUNT SIX:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, DID THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE MOUTH OF ANN COLEMAN (A PSEUDONYM), A CHILD YOUNGER THAN 14 YEARS OF AGE, TO CONTACT THE PENIS OF THE DEFENDANT,

COUNT SEVEN:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, THEN AND THERE INTENTIONALLY, WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF SAID DEFENDANT, ENGAGE IN SEXUAL CONTACT BY TOUCHING THE GENITALS OF ANN COLEMAN PSEUDONYM, A CHILD YOUNGER THAN 17 YEARS,

COUNT EIGHT:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, THEN AND THERE INTENTIONALLY, WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF SAID DEFENDANT, ENGAGE IN SEXUAL CONTACT BY TOUCHING THE GENITALS OF ANN COLEMAN PSEUDONYM, A CHILD YOUNGER THAN 17 YEARS,

COUNT NINE:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, THEN AND THERE INTENTIONALLY, WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF SAID DEFENDANT, ENGAGE IN SEXUAL CONTACT BY TOUCHING THE GENITALS OF ANN COLEMAN PSEUDONYM, A CHILD YOUNGER THAN 17 YEARS,

COUNT TEN:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, THEN AND THERE INTENTIONALLY, WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF SAID DEFENDANT, ENGAGE IN SEXUAL CONTACT BY TOUCHING THE GENITALS OF ANN COLEMAN PSEUDONYM, A CHILD YOUNGER THAN 17 YEARS,

COUNT ELEVEN:  AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE DEFENDANT IN THE COUNTY OF TARRANT AND STATE AFORESAID ON OR ABOUT THE 8TH DAY OF JULY, 2011, THEN AND THERE INTENTIONALLY EXPOSE HIS PENIS TO ANN COLEMAN PSEUDONYM, A CHILD YOUNGER THAN 17 YEARS, KNOWING SAID CHILD WAS PRESENT, WITH THE INTENT TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF SAID DEFENDANT,

HABITUAL OFFENDER NOTICE:  AND IT IS FURTHER PRESENTED TO SAID COURT THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE FELONY OFFENSE OF ROBBERY BY THREATS, IN THE 371ST DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0800070A, ON THE 26TH DAY OF NOVEMBER, 2001 AND, THAT PRIOR TO THE COMMISSION OF THE OFFENSE OR OFFENSES FOR WHICH THE DEFENDANT WAS CONVICTED AS SET OUT ABOVE, THE DEFENDANT WAS FINALLY CONVICTED OF THE FELONY OFFENSE OF BURGLARY OF A HABITATION, IN THE 297TH DISTRICT COURT OF TARRANT COUNTY, TEXAS, IN CAUSE NUMBER 0744694D, ON THE 25TH DAY OF FEBRUARY, 2000,

Filed (Clerk's use only)

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury

EXHIBIT (5)

FILED
TARRANT COUNTY

2014 JUN 20 PM 1:00

THOMAS A. WILDER
DISTRICT CLERK

NO. 1250248D

| | | |
|---|---|---|
| STATE | § | IN THE CRIMINAL DISTRICT |
| V. | § | COURT NUMBER THREE OF |
| | § | |
| RICHARD BROWN | § | TARRANT COUNTY, TEXAS |

## STATE'S PROPOSED MEMORANDUM, FINDINGS OF FACT AND CONCLUSIONS OF LAW

The State proposes the following Memorandum, Findings of Fact and Conclusions of Law regarding Defendant's Motion for Appointment of Counsel.

## MEMORANDUM

The defendant, RICHARD BROWN ("Defendant"), requests appointment of counsel for filing a motion for DNA testing. *See* Motion for Appointment of Counsel ("Motion"), p. 1.

In light of the evidence presented, the Court should consider the following proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

*General Facts*

1. Defendant pled guilty, pursuant to a plea agreement, to the second degree felony offense of indecency with a child by contact on June 20, 2012. *See* State's Reply, Attachment A: Judgment, No. 1250248D.

2. In accordance with the plea agreement, the trial court sentenced Defendant to eleven years confinement in the Texas Department of Criminal Justice – Institutional Division. *See* Attachment A.

3. Defendant did not appeal his conviction. *See* Criminal Docket Sheet, No. 1250248D.

*No Relevant Evidence Exists*

4. Pursuant to art. 64.02 of the Texas Code of Criminal Procedure, the State denies that evidence exists that might contain relevant biological material. *See* State's



Reply, Attachment B: Stimpson Affidavit; State's Reply, Attachment C: Arthurs Affidavit; Tex. Code Crim. Proc. art. 64.02(2)(B).

5. The only evidence that exists is Defendant's buccal swab which contains biological material but is irrelevant to this offense.

6. There is no evidence containing relevant biological material to test in this case.

*Appointment of Counsel*

7. Because there is no relevant evidence to test, there are no reasonable grounds for a motion for DNA testing.

## CONCLUSIONS OF LAW

*Appointment of Counsel*

1. Defendant filed his request for appointment of counsel on July 16, 2103. *See* Request, p. 1.

2. Counsel is only required to be appointed "if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." Tex. Code Crim. Proc. Ann. art. 64.01(c).

3. Defendant's buccal swab is not evidence that might contain relevant biological evidence to this offense.

4. Because no evidence exists that might contain relevant biological evidence, there are no reasonable grounds for a motion to be filed.

5. No appointment of counsel is required. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c).

6. Defendant's Motion for Appointment of Counsel is **DENIED**.

2

WHEREFORE, the State prays that this Court adopt these Proposed Findings of Fact and Conclusions of Law and **DENY** the Defendant's Request for DNA testing.

Respectfully submitted,

JOE SHANNON, JR.
Criminal District Attorney
Tarrant County

Andréa Jacobs
Assistant District Attorney
State Bar No. 24037596
401 West Belknap
Fort Worth, TX 76196-0201
Phone:          817/884-1687
Facsimile:     817/884-1672

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to Defendant, Mr. Richard Brown, TDCJ-ID# 01794390, Lynaugh Unit, 1098 S. Highway 2037, Fort Stockton, Texas 79735 on or before the 20th day of June, 2014.

Andréa Jacobs

## NO. 1250248D

| | | |
|---|---|---|
| **STATE** | § | **IN THE CRIMINAL DISTRICT** |
| | § | |
| **V.** | § | **COURT NUMBER THREE OF** |
| | § | |
| **RICHARD BROWN** | § | **TARRANT COUNTY, TEXAS** |

## ORDER

The Court adopts the State's Memorandum, Findings of Fact and Conclusions of Law and **DENIES** the Request for Appointment of Counsel of RICHARD BROWN because there are no reasonable grounds for a motion for DNA testing as no evidence containing *relevant* biological material exists in a condition making DNA testing possible. *See* Tex. Code Crim. Proc. Ann. arts. 64.01(c); 64.03(a)(1)(A)(West 2011). The Court further orders and directs:

The Clerk of this Court to furnish a copy of this Order to Defendant, Mr. Richard Brown, TDCJ-ID# 01794390, Lynaugh Unit, 1098 S. Highway 2037, Fort Stockton, Texas 79735 (or to Defendant's most recent address), and to the appellate section of the District Attorney's Office.

SIGNED AND ENTERED this _____ day of _____, 2014.

_____
JUDGE PRESIDING

1

EXHIBIT (5)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD BROWN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-839-O |
| | § | |
| WILLIAM STEPHENS, Director,[1] | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER PERMITTING PROCEEDING IN THE DISTRICT COURT
and
## ORDER TO SHOW CAUSE, NOTICE, AND INSTRUCTIONS TO PARTIES

(   ) A filing fee in the amount of $5.00 has been tendered.

( X ) Petitioner's Application to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 is **GRANTED**.

It is therefore **ORDERED** that the parties shall comply with the following directives and the clerk of Court shall take the action indicated below:

You will take notice that a "Petition For a Writ of Habeas Corpus by a Person in State Custody," numbered and styled as above, has been filed in this Court pursuant to the provisions of 28 U.S.C. §§ 2241, et seq. Pleadings and briefs are required or permitted as follows:

RESPONDENT'S ANSWER. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondent is directed to file an answer to this petition within <u>60 days</u> of the date of this order, answering in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. <u>If Respondent believes the petition is wholly barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or the statute of limitations, he may file a preliminary answer asserting any such bar prior to answering on the merits.</u>

REPLY. Pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases, Petitioner may file a reply within <u>30 days</u> from the date of service of Respondent's answer, motion, or other pleading.

BRIEFS. Briefs, as required or permitted by the provisions of this paragraph, should comply with the <u>25-page</u> limitation under Local Rule 7.2(c) and should be submitted on letter size paper and double spaced. Each argument with supporting citations advanced in the brief should clearly specify the specific ground of the motion or numbered paragraph of the pleading it seeks to support or oppose. Briefs are required or permitted as follows:

1.    Respondent's brief. Respondent may file such brief as he may deem appropriate.
2.    Reply brief. A reply brief is not required. However, in any case in which Respondent has filed a brief, a reply brief limited to <u>10 pages</u> may be filed by Petitioner, should he wish to do so, within a period

---

[1] Petitioner misspells Respondent Stephens last name as "Stevenson." The clerk of Court is directed to docket and change the last name of Respondent to reflect the correct spelling.

of 30 days following service of Respondent's brief. Each paragraph of such reply brief must specify the precise paragraph or part of Respondent's brief to which reply is being made, and must be limited to a reply to Respondent's argument. Under no circumstances will any statement or argument s777et forth in an original or reply brief be considered as a part of the pleadings so as to advance new grounds for relief or to supplement any grounds or supporting facts set out in the petition.

In every case a copy of the petition, pending motions, and any orders shall be served on the Attorney General, counsel for the State of Texas, by electronic means.[2] N.D. Tex. L. Civ. R. 5.1(e). In every case a copy of any brief, pleading, motion or order shall be mailed to Petitioner, if *pro se,* or served electronically on counsel for Petitioner. *Id.*

**SO ORDERED** on this 3rd day of December, 2014.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2]Based upon communication with the Texas Attorney General's Office, this Court will not serve copies of the petition, attachments, pending motions, and orders upon Director Stephens. Instead, copies of the petition, attachments, pending motions and orders will be served electronically upon the Texas Attorney General, counsel for the Director, and will be directed to the attention of Elizabeth Goettert, Assistant Attorney General, Postconviction Litigation Division, P. O. Box 12548, Austin, TX 78711-2548. *See* Fed. R. Civ. P. 5(b)(2)(E).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EXHIBIT (6)

RICHARD BROWN
PETITIONER

VS.

WILLIAM STEPHENS
RESPONDENT

CIVIL ACTION NO. 4:14 CV839-0

## DECLARATION FOR ENTRY OF DEFAULT

NOW COMES RICHARD BROWN HEREINAFTER REFERRED TO AS PETITIONER, IN THE ABOVE NUMBERED AND STYLED CASE PRESENTS THIS "DECLARATION FOR ENTRY OF DEFAULT,"

THE COURT FILES AND RECORDS HEREIN SHOW THAT THE RESPONDENT WAS ORDERED BY THIS COURT TO ANSWERING PETITIONERS WRIT OF HABEAS CORPUS ON IT'S MERITS.

RESPONDENT FILED FIRST MOTION FOR EXTENTION OF TIME, SAID EXTENTION OF TIME WAS TO INCLUDING FRIDAY, MARCH 6, 2015 TO FILE RESPONSIVE PLEADING.

MORE THEN 136 DAYS HAVE ELAPSED SINCE THE DATE ON WHICH RESPONDENT WAS ORDERED TO RESPOND, THE RESPONDENT AS FAILED TO ANSWER OR OTHERWISE DEFEND AS TO PETITIONERS, PETITION PURSUANT §2254, OR SERVE A COPY OF ANY ANSWER ON ANY DEFENCE WHICH IT MIGHT HAVE HAD.

RESPONDENT IS NOT IN THE MILITARY SERVICE AND IS NOT AN INFANT OR INCOMPENT.

I RICHARD BROWN, PETITIONER, DO DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, EXECUTED ON THE 21 DAY OF June, 2015

Richard Brown
SIGNATURE

## CERTIFICATE OF SERVICE

I RICHARD BROWN, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN SENT BY U.S. REGULAR MAIL ADDRESSED AS FOLLOWS:

SUSAN SAN MIGUEL
ASST. ATT. GENERAL BAR NO. 24037425
P.O. BOX 12548, CAPITAL STATION
AUSTIN, TEXAS 78711

EXECUTED ON THE 21 DAY OF June 2015

Richard Brown
SIGNATURE

MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@txnddb.txnd.circ5.dcn

EXHIBIT(7)

Message-Id:<8607456@txnd.uscourts.gov>
Subject:Activity in Case 4:14-cv-00839-O Brown v. Stephens, Director TDCJ-CID
Judgment
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States
policy permits attorneys of record and parties in a case (including pro se
litigants) to receive one free electronic copy of all documents filed
electronically, if
receipt is required by law or directed by the filer. PACER access fees apply
to all other users. To avoid later charges, download a copy of each document
during this first viewing. However, if the referenced document is a transcript,
the free copy and 30 page limit do not apply.


U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 7/29/2015 9:35 AM CDT and filed
on 7/29/2015


Case Name: Brown v. Stephens, Director TDCJ-CID
Case Number: 4:14-cv-00839-O
https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?252696

Filer:
WARNING: CASE CLOSED on 07/29/2015

Document Number: 19

Copy the URL address from the line below into the location bar of your Web
browser to view the document: Document:
https://ecf.txnd.uscourts.gov/doc1/17719164305?caseid=252696&de_seq_num=56&magic
_num=MAGIC


Docket Text:
FINAL JUDGMENT: In accordance with its opinion and order signed this day,
the Court DISMISSES the petition of Richard Brown pursuant to 28 U.S.C. ?
2254 in the above-captioned action as time-barred. (Ordered by Judge
Reed C O'Connor on 7/29/2015) (ewd)


4:14-cv-00839-O Notice has been electronically mailed to:
Susan San Miguel susan.sanmiguel@oag.state.tx.us, laura.haney@oag.state.tx.us

EXHIBIT (8)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RICHARD BROWN, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:14-CV-839-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## FINAL JUDGMENT

In accordance with its opinion and order signed this day, the Court **DISMISSES** the petition

of Richard Brown pursuant to 28 U.S.C. § 2254 in the above-captioned action as time-barred.

**SO ORDERED** on this 28th day of July, 2015.


Reed O'Connor
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

RICHARD BROWN,

§
§

Petitioner,

§
§

v.

§

Civil Action No. 4:14-CV-839-O

§

WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

§
§
§
§

Respondent.

§
§

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Richard Brown, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I. BACKGROUND

In September 2011 Petitioner was charged in a multi-count indictment with aggravated sexual assault of a child and indecency with a child by contact in the Criminal District Court Number Three of Tarrant County, Texas. Admin. R., SH2 93-94, ECF No. 12-2. The indictment also included a habitual-offender notice alleging two prior Tarrant County felony convictions in cause numbers 0800070A and 0744694D. *Id.* On June 20, 2012, Petitioner's trial commenced, however, after a jury had been selected and sworn, Petitioner decided to waive his right to a jury trial and plead guilty to one count of indecency with a child. In exchange, the state agreed to waive the remaining counts and the habitual count, so long as Petitioner pleaded true to the prior felony conviction in cause

number 0800070A, and recommend an 11-year sentence. *Id.* at 96. Petitioner signed the written admonishments concerning his rights, waivers and the consequences of his guilty plea, including the fact that he faced the range of imprisonment for a "second degree felony enhanced" of 5 to 99 years, and the trial court sentenced him according to the plea agreement. *Id.* 96-106. Having waived his right to appeal, Petitioner did not directly appeal his conviction or sentence. Pet. 3, ECF No. 1. On May 14, 2014, Petitioner filed a state habeas application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court.[1] Admin. R., SH1, ECF No. 12-1. This federal petition for habeas relief challenging his conviction and sentence was filed on October 10, 2014.[2] Pet. 10, ECF No. 1.

Petitioner raises six grounds for relief, wherein he claims his plea was coerced and he is actually innocent of the offense (grounds one and three); he received ineffective assistance of trial counsel (ground three); the indictment was defective (ground four); there is no evidence to support his conviction (ground five); and the trial court abused its discretion by accepting his plea agreement when there was no evidence of his guilt (ground six). Pet. at 6-7, ECF No. 1; Pet'r's Mem. 4-24, ECF No. 2. Respondent asserts the petition is time-barred under the federal statute of limitations.

## II. DISCUSSION

Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not state the date Petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" was signed by Petitioner on October 10, 2014; thus, the Court deems the application filed on that date.

[2] Likewise, a federal habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In an apparent attempt to trigger subsection (B) or (D), Petitioner asserts that his efforts to seek postconviction relief were "impeded" by the state's failure to provide him with copies of the state court records and that he obtained "new evidence"–*i.e.,* a copy of the trial court's judgment of conviction–after his state habeas proceeding reflecting that he was convicted of indecency with a child, which is a third-degree felony carrying a range of imprisonment of 2 to 10 years. Pet'r's Rebuttal 1-3, ECF No. 15. These arguments are unpersuasive. Petitioner cannot establish a connection between the denial of free state-court records and transcripts and his ability to file this federal petition. There is no requirement under either state or federal law that a habeas petitioner file the state-court record in a habeas-corpus proceeding nor does a prisoner have a constitutional

3

right to free copies of records or transcripts for the purpose of preparing a collateral attack on his conviction or sentence. Furthermore, the trial court's judgment is not "new evidence." Petitioner pleaded true to a prior felony conviction in cause number 0800070A as part of the plea agreement. With one prior felony conviction, petitioner became classified as a repeat offender, and the range of punishment was increased from that applicable for a third-degree felony to punishment applicable for a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2014). As a repeat offender with one prior felony, the range of imprisonment Petitioner then faced was 2 to 20 years. *Id.* § 12.42(a) (3). Petitioner only received 11 years' confinement upon his guilty plea, which was within the statutory guidelines. Contrary to Petitioner's contention, the sentence did not exceed the maximum punishment allowed by law.

Because Petitioner fails to invoke subsections (B) or (D) or to raise a claim of newly recognized rights under subsection (C), the general provision under subsection (A) applies to his case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, the judgment of conviction became final and the one-year limitations period began to run upon expiration of the time Petitioner had for filing a timely notice of appeal on July 20, 2012, and closed one year later on Monday, July 22, 2013, absent any applicable tolling.[3] TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998).

Petitioner's state habeas application, filed on May 14, 2014, after limitations had already expired, did not operate to toll the limitations period under the statutory provision. 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Petitioner alleged or

---

[3]July 20, 2013, was a Saturday.

4

demonstrated rare and exceptional circumstances that would justify tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013) (referencing 28 U .S.C. § 2244(d)(1)); *Holland v. Florida,* 560 U.S. 631 , 649 (2010). Petitioner concedes that his petition is untimely but urges that his untimeliness is due to his indigent and *pro se* status and difficulty obtaining records and to his trial counsel's failure to respond to his request for certain documents. Pet'r's Rebuttal 1-3, ECF No. 15; Pet'r's Mem. of Law, Ex. 6, ECF No. 2. It is well settled, however, that a petitioner's *pro se* status, indigence, lack of knowledge of the law, and difficulty obtaining records, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period. *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 391 (5th Cir. 1999). Moreover, Petitioner's claim that counsel did not respond to his request is conclusory, and, even if Petitioner could show that counsel ignored his request, the letter is dated August 13, 2014, well after the one-year limitations period had already expired.

Finally, a petitioner attempting to overcome the expiration of the statute of limitations by showing actual innocence is required to produce "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"–sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner argues that, despite his guilty plea, he is actually innocent of the offense

5

because there is no evidence corroborating his plea. Although actual innocence, if proved, can overcome the statute of limitations, Petitioner waived his claim by entering a voluntary and knowing guilty plea to the offense.[4] *McQuiggin,* 133 S. Ct. at 1928. *See also United States v. Vanchaik-Molinar,* 195 Fed. Appx. 262, 2006 WL 2474048, at *1 (5th Cir. 2006) ("A voluntary guilty plea waives all non-jurisdictional defects that occurred prior to the plea and precludes consideration of a claim challenging the sufficiency of the evidence."). As a matter of federal constitutional law, a voluntary and knowing guilty plea is sufficient evidence, standing alone, to support a conviction. *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir. 1986).

In summary, Petitioner's federal petition was due on or before July 22, 2013. Therefore, his petition filed on February 18, 2014, was filed beyond the limitations period and is untimely.

## III. CONCLUSION

For the reasons discussed herein, the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED as time-barred. Further, for the reasons discussed herein, a certificate of appealability is DENIED. All motions not previously ruled upon are DENIED.

**SO ORDERED** on this 28th day of July, 2015.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4]In Petitioner's state habeas application, the state court determined that Petitioner's guilty plea was knowingly, freely and voluntarily made. Admin. R., SH2 84, ECF No. 12-2. Absent clear and convincing evidence in rebuttal, this Court must defer to the state court's findings in this regard. 28 U.S.C. § 2254(e)(1).